## UNITED STATES
### v.
**Sergeant Joseph C. LOMAN, FR 098–42–5496, United States Air Force.**

**ACM S24641.**

U. S. Air Force Court of Military Review.

8 Dec. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

■ During presentencing, the trial counsel offered a letter of reprimand obtained from the accused's unfavorable information file.[1] The trial defense counsel did not object, but the military judge, recognizing the exhibit was not properly authenticated, asked if both sides stipulated to its authenticity and removal from the accused's unfavorable information file where it was properly maintained. Both counsel indicated they agreed and the exhibit was admitted.

Appellate defense counsel assert that the military judge erred by not obtaining the accused's consent to the stipulation. The better practice would be to obtain the accused's verbal consent to every stipulation;[2] however, in this case it was not necessary.

■ An accused is bound by stipulations entered into by his counsel even though he did not personally and expressly join in them. This is particularly true if made by counsel in the progress of the trial and acquiesced in by the accused through his silence. *United States v. Cambridge*, 3 U.S. C.M.A. 377, 12 C.M.R. 133 (1953); *United States v. Field*, 27 C.M.R. 863 (N.B.R.1958). The acceptance of a stipulation is dependent upon the exercise of sound discretion by the military judge. His determination as to the accused's consent may be predicated on factors other than the express consent. In matters of procedure his determination need rest only upon the implied authority of defense counsel to act for the accused. *United States v. Cambridge*, supra.

Accused was represented by a designated full time defense counsel, certified in accordance with Article 27(b), Uniform Code of Military Justice, 10 U.S.C.A. § 827(b), and was present in court when the agreement to the authentication of the reprimand was made. Only minutes preceding the agreement, the judge had fully advised the accused of his rights concerning a stipulation of fact setting out the circumstances of the offense to which he was pleading guilty and the accused verbally acknowledged his understanding and consented to that stipulation.[3] Under these circumstances, we believe the military judge was justifiably satisfied that counsel was acting for the accused who was aware of his rights and consented to the stipulation. *United States v. Cambridge*, supra.

The remaining assignments of error are without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ORSER, Judges, concur.

---

1. See Air Force Regulation 35–32, Unfavorable Information Files and Control Rosters, 22 September 1975.

2. Chapter 7, Section F, Air Force Pamphlet 111–6, 19 April 1976, sets out proper procedure to be used when a stipulation of fact is offered into evidence.

3. See *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977) and *United States v. Rempe*, 49 C.M.R. 367 (A.F.C.M.R.1974), for additional advice required to be given the accused when a stipulation amounts to a confession of the offense to which he has pleaded not guilty.