UNITED STATES

v.

**Sergeant Roberto GONZALEZ, FR 263–43–8161 United States Air Force.**

ACM 23383.

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Oct. 1981.

Decided 25 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before POWELL and KASTL, Senior Judges, and MAHONEY, Appellate Military Judge.

## DECISION

MAHONEY, Judge:

Contrary to his pleas, the accused stands convicted of one possession and two sales of marihuana, and one conspiracy to sell marihuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to airman basic. Upon consideration of the four assigned errors and entire record, errors I, III, and IV are resolved adversely to the accused without discussion. The remaining error requires our consideration of recent changes in the pre-sentencing procedure at courts-martial:[1]

THE MILITARY JUDGE ERRED BY REFUSING TO ALLOW THE DEFENSE TO INTRODUCE THE AFFIDAVITS OF CAPTAIN COX AND SERGEANT ZENTZ, OR IN THE ALTERNATIVE, ORDER THEIR PRESENCE AT TRIAL.

We directed oral argument on this issue, and specified three supplementary questions:

1. Did the Military Judge err in compelling the defense to stipulate the testimony of the witnesses or present nothing from the witnesses?

2. Is the willingness of the prosecution to stipulate expected *testimony* the same as willingness to stipulate *facts* as provided in MCM para 75e(2)(c)?

3. Did the Military Judge err in failing to explain the nature and effect of the stipulations to the accused, and the alternatives available, and to obtain his consent to the stipulations on the record?

On 23 October 1981, in compliance with paragraph 115, Manual for Courts-Martial, 1969 (Rev.) [hereinafter cited MCM], the defense counsel submitted a written request for three character witnesses for sentencing. On 27 October, citing paragraph 75 (Change 5), MCM, the assistant trial counsel responded by letter, indicating that the witnesses would not be made available at government expense. He proposed, instead, that "stipulations of testimony or other reasonable alternatives be used."

A preliminary session of the trial was held on 28 October 1981. The defense counsel renewed his request for the witnesses, and indicated that his primary concern was the presence of Captain Cox who, until his recent reassignment from England AFB, Louisiana, to Shaw AFB, South Carolina, had been the accused's commander for over three years and had daily contact with him during that period. The trial counsel opposed the requests for personal appearance of the witnesses, indicating he was willing to stipulate to their expected testimony as set out in stipulations prepared by the defense counsel, subject only to an opportunity to talk to the witnesses by telephone, and to revise the stipulations, if necessary,

[1] Paragraph 75, Manual for Courts-Martial, 1969 (Rev.) [hereinafter cited MCM] was amended by Executive Order 12315, dated 29 July 1981, effective 1 August 1981.

based upon further information provided by the witnesses. He also noted that affidavits from the individuals were in the mail, which would be another method to present their testimony.

The military judge denied the request for the witnesses, adding that, "if you are unable to arrive at a stipulation of expected testimony or another acceptable means of presenting their testimony here, then you are at liberty to renew your request for the witnesses at a later time." The trial proceeded through findings of guilty on the evening of 28 October, and recessed until the morning of 30 October for sentencing.

■ At the preliminary hearing on 30 October, the defense counsel offered in evidence, pursuant to Mil.R.Evid. 405(c), the affidavits[2] of Captain Cox and Technical Sergeant Zentz. The trial counsel objected on the basis that the affidavits were cumulative with revised stipulations of expected testimony which had already been agreed upon. The defense counsel responded that he no longer intended to offer the stipulations which, as revised, were "not totally satisfactory with defense." Moreover, he indicated a defense preference for the affidavits because they would go to the court members in written form, while the stipulation of expected testimony would only be read to the court.

The trial counsel further objected to the affidavits on the basis that they were incomplete and misleading, since they did not incorporate the additional information resulting from his conversations with the witnesses, as did the revised stipulations of expected testimony.[3]

The defense counsel said he had not talked to the witnesses following their conversation with the trial counsel, but persisted in his offer of the affidavits rather than the revised stipulations.

Accepting the trial counsel's averment that the affidavits were misleading as not reflective of the affiants' current opinions, the military judge ruled that the defense must either stipulate the testimony of witnesses Cox and Zentz,[4] or do without any evidence from those witnesses. At that point, the defense renewed its request for the production of Captain Cox as a witness, and the request was denied.

Following a three-hour recess, the out-of-court hearing resumed, and the defense counsel offered as appellate exhibits the modified stipulations of expected testimony of Captain Cox and Sergeant Zentz. After ensuring that the trial counsel had no objection to the stipulations, the judge accepted them and granted permission to read them to the court members. The judge failed to explain the effect of these or any other stipulations to the accused, and he failed to elicit on the record the accused's understanding of the alternative(s) available to him, and his consent to the stipulation.

## WITNESSES' AFFIDAVITS

■ Turning to the issues, we answer the assigned error in the affirmative—the military judge erred by refusing to admit the affidavits of Cox and Zentz. Mil.R.Evid. 405(c). There is no indication in the record of any impropriety concerning the offer of

2. The affidavits offered were in electrical message format, transmitted and received through official military channels. Although not qualified as originals, Mil.R.Evid. 1001(3), the government conceded in oral argument, and we agree, that they were admissible. Mil.R.Evid. 1002 states the basic requirement for the original as a condition of admissibility, but defers to contrary provisions in the evidence rules, the MCM, or federal statute. Paragraph 75c(3) provides for relaxation of the rules of evidence during the presentencing portion of the trial to permit the military judge to admit "letters, affidavits, ... and other writing of similar authenticity and reliability." An electrical message quoting a complete affidavit so qualifies.

3. After talking with the trial counsel and being informed of some additional facts, the witnesses would have added to the information contained in their affidavits. Captain Cox would have added that while he did not believe a discharge to be appropriate, confinement would be. Technical Sergeant Zentz would have added that ..e did not believe the accused had a place in the Air Force.

4. The stipulated testimony of the third requested witness, Senior Master Sergeant Wilder, was offered and accepted as originally drafted by the defense counsel.

those affidavits, even though they were prepared before the trial counsel had an opportunity to talk to those individuals. Despite the fact that the defense decision to offer the affidavits (rather than to stipulate to the expected testimony as revised by the trial counsel) appears to have been a last-minute tactical decision, it was one the defense was entitled to make without interference by the trial judge. The prosecutor's remedy, if he desired to rebut the affidavits, was to obtain additional affidavits from the affiants. Mil.R.Evid. 405(c). If further time was required by these developments, a continuance could have been granted by the military judge. Article 40, Uniform Code of Military Justice; Paragraph 58, MCM.

## PERSONAL APPEARANCE OF WITNESSES

■ As to the alternative posited in the assigned error we find that the military judge did not abuse his discretion in initially denying the request for personal presence of the witnesses. After the first denial of that request by the trial judge, the defense counsel apparently concluded that the affidavits were sufficient to meet the needs of the court-martial. MCM, paragraph 75e(2)(d). Only after that form of evidence was rejected by the military judge did the defense counsel renew his request for the personal appearance of Captain Cox as a witness.

## STIPULATIONS

■ The military judge denied the renewed request for the witness, apparently in reliance upon the prosecution's willingness to stipulate to the *expected testimony* of Captain Cox and Sergeant Zentz as embodied in the revised stipulations. However, MCM, paragraph 75e(2) states that the witness may be ordered to testify, at government expense, only if (*inter alia*),

(c) The other party is unwilling to stipulate *to the facts* to which the witness is expected to testify, except in an extraordinary case when such a stipulation would be an insufficient substitute for the testimony; ... [Emphasis added].

We do not view stipulations of expected testimony, as offered and accepted in this case, as fulfilling the condition stated in MCM, paragraph 75e(2)(c). Specifically, those documents did not stipulate the *facts* to which the witness was expected to testify.

In the absence of any published analysis or history of the MCM revision, we read the words at face value, and presume that the drafters, knowing the difference between a stipulation of fact[5] and a stipulation of expected testimony,[6] purposely chose to create a hybrid form of stipulation. Language suggestive of the same result is found in paragraph 115, MCM. That paragraph suggests that, as an alternative to the personal presence of a witness,

[t]he trial counsel may consent to *admit the facts* expected from the testimony of a witness requested by the defense if the prosecution does not contest these facts or if they are unimportant. [Emphasis added].

Although the intent of the drafters is unknown, the result of this hybrid form of stipulation is to afford the defense a *quid pro quo* for the lack of personal presence of the witness: since the defense is not able to establish the credibility of the witness by personal appearance on the witness stand, the *facts* as to which that witness would testify may not be contested by the prosecution. The remainder of the witness' testimony, including the weight and validity of any opinions expressed, remains subject to rebuttal by the prosecution.

In view of the foregoing, we conclude that the willingness of the prosecution to

---

5. A stipulation of fact constitutes an agreement between the parties as to the existence or non-existence of any fact. So long as it is in evidence it may not be contradicted by the parties. MCM, paragraph 54f(1).

6. A stipulation of expected testimony constitutes an agreement between the parties as to

the substance of the testimony which would be given if the witness were present and sworn. The stipulated testimony may be attacked, contradicted, or explained in the same fashion as if the witness actually testified in person. MCM, paragraph 54f(2).

stipulate expected testimony does not qualify as a willingness to stipulate to the facts to which the witnesses were expected to testify within the meaning of MCM, paragraph 75e(2)(c). To the extent the military judge's ruling denying the personal presence of Captain Cox was predicated upon the prosecution's willingness to stipulate expected testimony, the ruling was in error.[7] Moreover, there is no authority in MCM, paragraph 75e, for the military judge to choose for the defense which of the several alternatives to personal testimony it may present during the sentencing phase of the trial. Consequently, the military judge erred in compelling the accused to accept the prosecution offer to stipulate to the expected testimony of those witnesses, or present nothing at all from them.

Finally, we conclude that the military judge erred in failing to explain to the accused the nature and effect of the stipulations, and (in view of the judge's ruling) the sole alternative available to him. *United States v. Barbeau*, 9 M.J. 569 (A.F.C.M. R.1980). *But cf., United States v. Cambridge*, 3 U.S.C.M.A. 377, 12 C.M.R. 133 (1953) (admonition of former MCM provision that law officer determine that accused joins in stipulation not mandatory). As the MCM, paragraph 54f(1) admonishes: "[a] stipulation should not be received in evidence if any doubt exists as to the accused's understanding of what is involved."[8] As a result of the rulings in this case, even an experienced lawyer might have been unsure of the options available, so we are satisfied that the accused must have had doubt as to what was involved. Moreover, the accused should have been offered the opportunity to withdraw from the stipulations prior to their receipt in evidence. MCM, paragraph 54f(1).

Weighing the individual and cumulative effect of the foregoing errors, it is difficult to identify specific prejudice to the accused since, in all likelihood, substantially the same information would be presented to the sentencing authority upon a rehearing. Nevertheless, in an abundance of caution, we have reassessed the sentence.

Only so much of the sentence is approved as provides for a bad conduct discharge, confinement at hard labor for one year and three months, forfeiture of all pay and allowances, and reduction to airman basic. The findings of guilty and the sentence, as modified herein, are correct in fact and law and, based upon the entire record, are

AFFIRMED.

POWELL and KASTL, Senior Judges, concur.

---

7. If the expected testimony of an available witness is material and noncumulative, a compelled stipulation of expected testimony is not an adequate substitute for the personal appearance of the witness. *United States v. Williams*, 3 M.J. 239, 243 (C.M.A.1977); *United States v. Carpenter*, 1 M.J. 384 (C.M.A.1976). A stipulation of the facts to which the witness is expected to testify, MCM, paragraph 75e(2)(c), may qualify as a judicially acceptable alternative to

the presence of the witness. *United States v. Scott*, 5 M.J. 431 (C.M.A.1978).

8. Where the stipulation is strictly procedural in nature, or where the accused has previously been advised concerning the same type of stipulation, the advice may be curtailed or omitted, in the discretion of the military judge. *See, United States v. Loman*, 6 M.J. 664 (A.F.C.M.R. 1978) (stipulation to authenticity of personnel record).