UNITED STATES, Appellant,

v.

Roberto GONZALEZ, Sergeant, U.S. Air Force, Appellee.

No. 44086.

ACM 23383.

U.S. Court of Military Appeals.

July 11, 1983.

For Appellant: *Major Michael J. Hoover* (argued); *Colonel Kenneth R. Rengert* (on brief).

For Appellee: *Major William H. Lamb* (argued); *Colonel George R. Stevens* (on brief).

*Opinion of the Court*

COOK, Judge:

Contrary to his pleas, appellee was convicted of one specification of conspiracy to sell marijuana, two specifications of sale of marijuana, and one specification of possession of marijuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934, respectively. His approved sentence extends to a bad-conduct discharge, confinement at hard labor for 1 year and 3 months, total forfeitures, and reduction to the grade of E–1. The Judge Advocate General of the Air Force has certified three questions to this Court for review.[1]

The facts of this case have been extensively set forth in *United States v. Gonzalez,* 14 M.J. 501 (A.F.C.M.R.1982), and need not be fully restated here. In brief, defense counsel, in advance of trial, requested the presence of certain witnesses for the sentencing phase of the trial. Trial counsel declined to produce the witnesses, offering instead to stipulate to their testimony. At trial, defense counsel renewed his request for the witnesses, but the military judge declined to order production, based upon trial counsel's offer to stipulate. Accordingly, the defense drew up proposed stipulations of expected testimony. Trial counsel, however, declined to stipulate until he personally talked to the witnesses.

After doing so, trial counsel demanded that alterations be made to the stipulations, because they did not, according to trial counsel, accurately reflect the testimony of the witnesses. Specifically, trial counsel

represented that, after he talked to the witnesses,[2] several of them changed their opinion as to the advisability of retaining appellee in the service. The military judge agreed with trial counsel and ruled that appellee could either stipulate in accordance with trial counsel's understanding of the expected testimony, or forego submitting any evidence at all from the witnesses. Defense counsel was not permitted to submit affidavits from the witnesses (which arrived after the hearings had commenced) because they, too, expressed views no longer thought by the judge to be held by the witnesses.

After renewing his request for one of the witnesses (Captain Cox) and again being rebuffed, defense counsel reluctantly agreed to stipulate on the Government's terms. The military judge accepted these stipulations, but omitted to explain their effect to appellee, or to obtain appellee's consent to the stipulations.

I

The first certified issue concerns the correctness of the military judge's exclusion of the affidavits offered on behalf of appellee. The Court of Military Review concluded that the trial judge erred in excluding the evidence. We agree.

Paragraph 75*c*(1), Manual for Courts-Martial, United States, 1969 (Revised edition), provides that the defense, during presentencing, "may present matters in extenuation and mitigation." Moreover, the formal rules of evidence are relaxed "with respect to matters in extenuation and miti-

1. The three questions certified for review are as follows:

I
WAS THE COURT OF MILITARY REVIEW CORRECT WHEN IT DETERMINED THAT THE MILITARY JUDGE ERRONEOUSLY EXCLUDED AFFIDAVITS OFFERED BY THE APPELLEE AS PART OF HIS SENTENCING CASE?

II
WAS THE COURT OF MILITARY REVIEW CORRECT WHEN IT DETERMINED THAT THE MILITARY JUDGE ERRED IN DENYING THE PRESENCE OF CAPTAIN JERRY COX AS A WITNESS?

III
WAS THE COURT OF MILITARY REVIEW CORRECT WHEN IT DETERMINED THAT THE MILITARY JUDGE ERRED IN ACCEPTING THE STIPULATION OF EXPECTED TESTIMONY OF CAPTAIN JERRY COX AND TECHNICAL SERGEANT RICHARD ZENTZ WITHOUT ADVISING THE APPELLEE OF THE NATURE AND EFFECT THEREOF?

2. Trial counsel explained that he had "inform[ed] ... [the witnesses] of some of the additional facts they had not had."

gation," so that affidavits and the like may be considered. Para. 75c(3), Manual, *supra.* There is no question but that the affidavits were relevant and in proper form for this purpose.

Trial counsel was nevertheless successful in persuading the military judge that the affidavits should not be submitted because they were "misleading." He cited Mil.R. Evid. 403, which provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or *misleading the members,* or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

(Emphasis added). Trial counsel's argument, of course, was based on his own determination of the witnesses' prospective testimony.

Perhaps the Military Rules of Evidence have created a trap for the unwary in this area. Mil.R.Evid. 403 is taken without substantial change from Fed.R.Evid. 403 and incorporates the concept of "legal relevance." Analysis of the Military Rules of Evidence, Appendix 18, Manual, *supra,* Mil. R.Evid. 403. Both the words "misleading" and "confusion" in Fed.R.Evid. 403 are thought to concern the danger of creating "side issues" which might unduly distract jurors from the main issues. 1 Weinstein's *Evidence,* paragraph 403[04] (1982); McCormick's *Handbook of the Law of Evidence* § 185 at 439 (E. Cleary 2d ed. 1972). *See* J. Wigmore, *A Treatise on the Anglo-American System of Evidence in Trials at Common Law* § 443 at 428 (3d ed. 1940). There is no authority for the proposition impliedly advanced by the Government that Mil.R. Evid. 403, or its Federal counterpart, permits a trial judge to "weed out" evidence on the basis of his or her own view of its credibility. Such a procedure would usurp the function of the fact finder and raise severe due process questions. Nothing could be further from the purpose of Fed.R. Evid. 403.

Certainly, if trial counsel had persuasive evidence that the defense was attempting

to perpetrate a fraud on the court, the military judge might have excluded the affidavits on the ground that they were irrelevant. However, as the Court of Military Review pointed out,

[t]here is no indication in the record of any impropriety concerning the offer of those affidavits, even though they were prepared before the trial counsel had an opportunity to talk to those individuals.

*United States v. Gonzalez, supra* at 503–04. The Court of Military Review was correct in concluding that the prosecutor's remedy was to obtain additional affidavits from the witnesses. Mil.R.Evid. 405(c).

Accordingly, the first certified question is answered in the affirmative. The military judge erroneously excluded the affidavits offered on behalf of appellant.

## II

■ The second certified question concerns the correctness of the Court of Military Review's determination that the military judge erred in denying the presence of Captain Cox as a witness. The question is somewhat academic in that the Court of Military Review did not so hold. Their conclusion was only that:

*To the extent the military judge's ruling denying the personal presence of Captain Cox was predicated upon the prosecution's willingness to stipulate expected testimony,* the ruling was in error.

*United States v. Gonzalez, supra* at 505 (emphasis added, footnote omitted). Likely their holding was thus narrowed because there were at least four other bases which might possibly have justified denying production of the witness, but which the trial judge did not reach. Para. 75e(2)(c), Manual, *supra.* In any event, we agree with the Court of Military Review that the prosecution's offer to "stipulate" to expected testimony was not equivalent to a "stipulat[ion] to the facts to which the witnesses were expected to testify." *United States v. Gonzalez, supra* at 504–05. Indeed, under the coercive conditions that prevailed, the defense capitulation cannot be classified as a

stipulation at all. *See* 73 Am.Jur.2d, *Stipulations* § 1 (1974).

To the extent that the certified question permits a response, we sustain the holding of the Court of Military Review that the basis of the judge's ruling was erroneous.

### III

The final question concerns the correctness of the Court of Military Review's determination that the judge erred in accepting "stipulations" of expected testimony without advising appellee of their nature and effect. *United States v. Gonzalez, supra* at 505. This issue is mooted by our complete agreement with the Court of Military Review that the imposed "stipulations" themselves were defective. *United States v. Gonzalez, supra.* No amount of advice would have rendered their receipt acceptable.

■ Though the military judge erred in excluding the affidavits, it is unnecessary for this Court to test for prejudice, since the Court of Military Review has already reassessed appellee's sentence. Accordingly, the decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.