UNITED STATES, Appellee,

v.

Robert S. COMBS, Private First Class
U.S. Army, Appellant.

No. 52129.
CM 446230.

U.S. Court of Military Appeals.

Oct. 7, 1985.

For Appellant: *Colonel William G. Eck-
hardt, Lieutenant Colonel Arthur L.
Hunt, Major Stephen R. Dooley, Captain
Pamela G. Montgomery.*

For Appellee: *Colonel James Kucera,
Lieutenant Colonel Adrian J. Gravelle,
Captain Samuel J. Rob, Captain Thomas
J. Benjamin.*

*Opinion of the Court*

COX, Judge:

Appellant was tried before a general
court-martial at Fort Clayton, Panama, on

June 27, 1984. Pursuant to his negotiated pleas, he was convicted of two specifications each alleging possession and distribution of cocaine and one specification of use of cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced by the military judge sitting alone to confinement at hard labor for 3 years, forfeiture of all pay and allowances, reduction to E-1, and a bad-conduct discharge. In accordance with the terms of the pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of 28 months for a period of 28 months. The Court of Military Review affirmed in a short-form opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY REFUSING TO ORDER PRODUCTION OF APPELLANT'S MOTHER AS A PRESENTENCING WITNESS FOR THE DEFENSE.

We hold that the military judge did not abuse his discretion and affirm.

On June 1, 1984, defense counsel submitted a written request to trial counsel, pursuant to the provisions of paragraphs 75 and 115, Manual for Courts-Martial, United States, 1969 (Revised edition), that appellant's mother be brought to Panama at government expense to testify as a witness on sentencing. She was expected to testify concerning appellant's troubled family background and her plans for helping her son start a new life when he returned home to Winfield, West Virginia. The request was denied by trial counsel and the convening authority, primarily on the bases of the Government's willingness to stipulate to her testimony as fact and the insignificance of her personal appearance to present this type of testimony.

Prior to pleas, the defense moved for appropriate relief, requesting that the military judge order the Government to produce appellant's mother as a witness. Defense counsel argued that, "while testimo-ny can be stipulated to, it loses a certain flavor when it is simply a stipulation of fact read into the record, as opposed to the actual person being here available for your questioning as well." Trial counsel argued that appellant had been "in the U.S. Army for approximately three years; ... [had] not lived at home during that period of time, and that affects the significance or the weight that his mother's testimony would have ... "

The military judge denied the request, and a stipulation of the mother's expected testimony was entered into evidence on sentencing. Appellant now complains, as he did at trial, that he was entitled to the live testimony of his mother.

■ A military accused has the right to have the testimony of a witness on sentencing, as well as on the merits, when the testimony is material to an issue before the court. *United States v. Scott*, 5 M.J. 431 (C.M.A.1978). The issue on sentencing is: What is a "legal, appropriate, and adequate" sentence? *United States v. Courts*, 9 M.J. 285, 292 n. 14 (C.M.A.1980). Once it has been determined that testimony is material on sentencing, the military judge has the discretion to decide in what form that testimony must be produced. *United States v. Courts, supra.* Thus, it is within the sound discretion of the trial judge to decide whether the personal appearance of a witness is required, or whether there is an adequate substitute for the live testimony which would still enable the court-martial to determine an appropriate sentence.

■ Among the factors to be considered by the trial judge are whether the testimony relates to disputed matter; whether the Government is willing to stipulate to the testimony as fact; whether there is other live testimony available to appellant on the same subject; whether the testimony is cumulative of other evidence; whether there are practical difficulties in producing the witness; whether the credibility of the witness is significant; whether the request is timely; and whether another form of

presenting the evidence (*i.e.*, former testimony or deposition) is available and sufficient.[1] The standard to be applied is the same whether the case is heard by members or by military judge sitting alone. When the military judge is the sentencing authority, however, it is particularly within his unique capability to determine what benefit, if any, an accused would gain from the live testimony of a witness as opposed to another form of the same testimony.

■ For purposes of this appeal, we will assume that the testimony of the mother was material on the issue of sentence appropriateness.[2] The question is whether the military judge abused his discretion in determining that her personal appearance

was not required. In view of the substance of the mother's testimony, that it was to be used for sentencing only, the Government's willingness to stipulate as fact,[3] the insignificance of credibility of the testimony to an appropriate sentence, the sufficiency of other forms of presenting this evidence, and the uncontroverted nature of the testimony, the military judge did not abuse his discretion in denying the motion for production of the witness.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.

---

1. *See* para. 75*e*(2), Manual for Courts-Martial, United States, 1969 (Revised edition), and R.C.M. 1001(e)(2), Manual for Courts-Martial, United States, 1984, which provide limitations on the entitlement of an accused to production of a witness on sentencing.

2. That the mother believed that her son had rehabilitative potential and deserved leniency is not surprising. As pointed out in the Government's brief, most "mothers display" remarkable "forgiveness ... when faced with the misdeeds of their own children."

3. The Government's offer to stipulate to expected testimony is not an adequate substitute for a stipulation of fact. *United States v. Gonzalez*, 16 M.J. 58 (C.M.A.1983). Although the defense introduced a stipulation of expected testimony into evidence on sentencing, there is nothing in the record to indicate that the Government was unwilling to enter into a stipulation of fact, as represented to the court. It is likely that defense counsel did not prepare a stipulation of fact in recognition of the uncontroverted nature of the mother's testimony.