**UNITED STATES, Appellee,**

v.

**Private Roy L. REYNOLDS, II, 451–73–7855, United States Army, Appellant.**

**ACMR 9200263.**

U.S. Army Court of Military Review.

26 March 1993.

For Appellant: Major Fran W. Walter-house, JAGC, Captain David L. Thomas, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Richard O.I. Brown, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a special court-martial composed of officers and enlisted members. Pursuant to his pleas, he was convicted of wrongful use of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The court sentenced the appellant to a bad-conduct discharge, confinement for one month, and forfeiture of $523.00 pay per month for one month. The convening authority approved the sentence.

### I.

Before this Court, the appellant asserts that the military judge abused his discretion when he refused to allow into evidence at sentencing an affidavit from a noncommissioned officer which reflected that the appellant was a good soldier who had been unfairly treated by his command. We disagree.

During presentencing, the appellant moved to admit into evidence Defense Exhibit A for Identification, an affidavit by a Sergeant Long. The appellant explained that although Sergeant Long was in the area, he had told the appellant that he was emotionally distraught over his marital situation and as a result would not be able to "give it his all." The government opposed the affidavit because Sergeant Long was available as a witness. The government also contended that they were unaware Sergeant Long would not be called as a defense witness, that they did not interview him prior to trial, and they had not received an advance copy of Sergeant Long's affidavit. The military judge recessed the trial and ordered that the government and defense interview Sergeant Long. After

counsel's interview of Sergeant Long, the following colloquy occurred:

MJ: Regarding Defense Exhibit A, the statement from Sergeant Long, it's my understanding that Sergeant Long was prepared to be called as a witness today. Captain T [defense counsel] got hold of Sergeant Long last night, got a statement from him, and having obtained the statement indicated that Sergeant Long didn't need to be here. The defense offered the statement, which is Defense Exhibit A for Identification. I understand that Sergeant Long is present in the building, he arrived within the last 15 minutes or so, both attorneys have talked to Sergeant Long, and the defense at this time does not plan on calling Sergeant Long. The defense still wishes to admit Defense Exhibit A[;] is that correct?

DC: Yes, your honor. Under the relaxed rules, stating that, in the discretion of the judge, letters, affidavits, and things of that sort may be admitted. Sergeant Long is in BDU's.[1] He's under a lot of stress. We just don't feel that he can give it his all. That is why we request that Defense Exhibit A be permitted to come into evidence.

MJ: I understand that. I'm going to sustain the objection. I'm not going to admit Defense Exhibit A. If he's present, he ought to be subject to cross-examination. If you don't want to call him, that's fine, but I'm not going to admit Defense Exhibit A.

The defense did not call Sergeant Long as a witness despite the proffer that he would testify to appellant's favorable military duty performance and the "unfair treatment of [appellant] by the command."

 Generally, the rules of evidence are relaxed during the extenuation and mitigation stage of sentencing. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(c)(3). An affidavit in lieu of live testimony is a commonly accepted method to produce evidence, especially when there are practical difficulties

in producing a witness during this stage of the trial. *United States v. Gonzalez*, 16 M.J. 58 (C.M.A.1983). It is within the discretion of the military judge to decide in what form material testimony will appear. *United States v. Combs*, 20 M.J. 441 (C.M.A.1985).

It is clear from the record that Sergeant Long was available as a witness. The defense counsel offered no other explanation for not calling him as a witness other than Sergeant Long was experiencing marital problems and did not "feel he could give it his all." Under the facts of this case, we hold that the military judge did not abuse his discretion in sustaining the objection to admission of the affidavit.

## II.

 The appellant next claims that the military judge erred to his substantial prejudice by admitting the testimony of a government rebuttal witness who was unable to rebut any factual assertions made by the appellant.

During presentencing, the appellant made an unsworn statement that he had never received counselling at the community counselling center for his drug offenses. The government then requested First Sergeant Pickney as a rebuttal witness to appellant's claim that he did not receive any drug counselling. The defense objected to the government's proffer of First Sergeant Pickney's expected testimony, maintaining that while appellant's unit may have referred him to drug counselling, the community drug and alcohol counseling center did not provide any counselling other than an initial screening. The military judge permitted the witness to be called; however, he limited the first sergeant's testimony to enrollment and disenrollment in the counselling program and to testimony that the appellant was a good soldier. Additionally, the military judge permitted the defense liberal cross-examination of the witness and the ability to present sworn or unsworn surrebuttal evidence. First Ser-

---

1. Battle Dress Uniform, a field and work uniform ordinarily inappropriate for wear at a court-martial proceeding.

geant Pickney testified that he had no personal knowledge that appellant had received any counselling and corroborated appellant's testimony that when appellant went to the counselling center the second time, he only received a screening interview.

The admission of First Sergeant Pickney's testimony to rebut appellant's unsworn statement was error. It should have been stricken from the record because it did not rebut appellant's testimony. There was, however, no defense objection after the witness concluded his testimony.

■ While we find that the military judge erred, we do not find plain error. Plain error is error so obvious and substantial that it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Fisher*, 21 M.J. 327 (C.M.A.1986). If anything, the first sergeant's testimony corroborated and strengthened the appellant's claim that he did not receive counselling from the community drug and alcohol center. Under the facts of this case, we find no harm to the appellant. Accordingly, the assigned error lacks merit.

### III.

■ The appellant also argues that his court-martial lacked jurisdiction because it was improperly convened. We disagree.

In the appellant's prior court-martial[2], the staff judge advocate recommended to the convening authority that the convening authority detail the standing special court-martial panel (plus two previously-selected alternates) to hear appellant's case as a general court-martial, as the standing general court-martial had been detailed to hear a coaccused's trial. Appellant in his first trial contended that this action was improper, as the convening authority was merely "rubber-stamping" the staff judge advocate's selection. Now, in this case, appellant asserts that because his first court-martial was flawed, his second trial must contain the same defect. Appellant's first and second courts-martial were convened by the same convening authority. He offers no further matters to support this assertion.

In *United States v. Reynolds*, 36 M.J. 1128 (A.C.M.R.1993), after carefully examining appellant's first trial, we found no error in the convening of the court-martial. We held that the convening authority properly selected court members in accordance with Article 25, Uniform Code of Military Justice, 10 U.S.C. § 825, and that the staff judge advocate was merely ensuring that the panel was in the appropriate configuration to sit on appellant's case. *Cf. United States v. England*, 24 M.J. 816 (A.C.M.R. 1987) (convening authority adopted membership of panel appointed by his predecessor).

Additionally, the appellant's assignment of error fails because he has made no showing that this court-martial was improperly convened. We find that the mere assertion by the appellant that his first court-martial may have been improperly convened is too attenuated and without merit.

### IV.

Lastly, we have examined the appellant's claim that his sentence is inappropriate for the offense of which he was found guilty. Reviewing the sentence and the entire record, we find the sentence appropriate.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge BAKER concur.

---

2. *See United States v. Reynolds*, 36 M.J. 1128 (A.C.M.R.1993).