UNITED STATES

v.

Airman First Class Charles E. BRISCOE, United States Air Force.

ACM S29917.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 23 Oct. 2000.

Decided 8 May 2002.

Appellate Counsel for Appellant: Captain Patrick J. Dolan (argued), Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Major Martin J. Hindel (argued), Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, Major Jennifer R. Rider, and Major Mitchel Neurock.

Before YOUNG, BRESLIN, and HEAD, Appellate Military Judges.

## OPINION OF THE COURT

BRESLIN, Senior Judge:

The appellant pled guilty to stealing automotive audio components worth more than $100.00, the property of a Marine gunnery sergeant, in violation of Article 121, UCMJ, 10 U.S.C. § 921. He was found guilty in accordance with his pleas. A special court-martial composed of officer members sentenced him to a bad-conduct discharge, confinement for 60 days, and reduction to E–1. The convening authority approved the sentence adjudged. The appellant raises several issues relating to his ability to call a witness during the presentencing proceedings, and his clemency request. Finding no error that materially prejudices the appellant's substantial rights, we affirm.

### Background

The appellant and a friend were driving around Kadena Air Base (AB), Okinawa, Japan, late one night, and spotted a vehicle parked alone, containing expensive audio equipment. They tried unlocking the vehicle with a "slim jim," but were unsuccessful. The appellant's companion then threw a brick through the driver's window, the appellant unlocked the car, and together they stole automotive stereo equipment worth over $600.00. The two thieves divided the property between them. Law enforcement investigators soon caught up with them and recovered the property.

Prior to trial, the defense requested in writing that the government produce the appellant's father, Mr. Lynn Briscoe, as a witness for the defense during the sentencing portion of the trial. The appellant's father resided in Montgomery, Alabama; the trial was held in Okinawa, Japan. The government declined to produce the witness, offering instead to enter into a stipulation of fact.

Trial defense counsel then moved under Rules for Courts–Martial (R.C.M.) 906(b)(7) and 1001(e)(1) to have the military judge order the government to produce the witness or abate the proceedings. Before trial, the military judge denied the motion citing R.C.M. 1001(e)(2)(C), because the government was willing to enter into a stipulation of fact regarding the witness's testimony. At trial, the defense renewed the motion, which was again denied by the military judge on the same grounds.

The parties then debated the content of the proposed stipulation. Trial defense counsel offered a stipulation of expected testimony, but the prosecution was unwilling to sign it because it contained matters they felt were inadmissible. To clarify his ruling, the military judge noted that the trial defense counsel could require the government to enter into a stipulation of fact, rather than a stipulation of expected testimony. The military judge went on to state that the prosecution was required to stipulate as fact to anything the witness would say, to include the witness's opinion concerning the appellant's rehabilitative potential. Later, the military judge amplified his explanation, telling the government that it could not introduce evidence inconsistent with the stipulation of fact, nor could the prosecution argue contrary to it.

The military judge then ruled on what portions of the proffered stipulation would be admissible in sentencing. Trial defense counsel excised the inadmissible portions, retitled the document a stipulation of fact, and required the prosecution to admit it as Prosecution Exhibit 2. The stipulation of fact was presented as a narrative from the point of view of the witness. It concluded: "I'm respectfully asking you to consider that my son can recover from his bad decisions and be a good airman and a productive citizen." The stipulation was read to the court members, and they were furnished a copy.

The prosecution also introduced a stipulation of fact setting forth the agreed facts and circumstances of the offense, a personal data sheet relating to the appellant, and two letters of reprimand from the appellant's personnel records. The prosecution called as a witness the appellant's first sergeant, who testified, without objection, that in his opinion the appellant did not have rehabilitative potential. The defense introduced statements attesting to the appellant's good character and duty performance, and the appellant made an unsworn statement. Following argument and instructions, the court members sentenced the appellant to a bad-conduct discharge, confinement for 60 days, and reduction to E–1.

### Production of Defense Sentencing Witness

■ The appellant contends the military judge erred in failing to order the government to produce his father as a sentencing witness. He argues, as he did at trial, that a live witness is more compelling than a "piece of paper" and thus the military judge's ruling was an abuse of discretion. We do not agree.

R.C.M. 1001(e) sets forth the rights of an accused to present witnesses during pre-sentence proceedings. The rule provides that there shall be "greater latitude" in presentencing proceedings than on the merits to receive information by means other than the personal appearance of witnesses. R.C.M. 1001(e)(1). *See generally Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (holding that the Constitution permits the sentencing authority to consider evidence from sources other than live witnesses); Fed.R.Crim.P. 32(c). The military judge is given the discretion to determine whether a witness shall be produced at government expense, subject to the following limitations:

(2) *Limitations.* A witness may be produced to testify during presentence proceedings through a subpoena or travel orders at government expense only if—

(A) The testimony expected to be offered by the witness is necessary for consideration of a matter of substantial significance to a determination of an appropriate sentence, including evidence necessary to resolve an alleged inaccuracy or dispute as to a material fact;

(B) The weight or credibility of the testimony is of substantial significance to the determination of an appropriate sentence;

(C) The other party refuses to enter into a stipulation of fact containing the matters to which the witness is expected to testify, except in an extraordinary case when such a stipulation of fact would be an insufficient substitute for the testimony;

(D) Other forms of evidence, such as oral depositions, written interrogatories, or former testimony would not be sufficient to meet the needs of the court-martial in the determination of an appropriate sentence; and

(E) The significance of the personal appearance of the witness to the determination of an appropriate sentence, when balanced against the practical difficulties of producing the witness, favors production of the witness....

R.C.M. 1001(e)(2). Thus, the rule, by its terms, limits the discretion of the military judge when the opposing party is willing to enter into a stipulation of fact containing the matters to which the witness is expected to testify. The military judge could only order the production of the witness if he found that it was an "extraordinary case" where the stipulation of fact would be an insufficient substitute for the testimony. We review the decision of the military judge for an abuse of discretion. *United States v. Combs,* 20 M.J. 441, 443 (C.M.A.1985); *United States v. Tangpuz,* 5 M.J. 426, 429 (C.M.A.1978).

This does not appear to be an "extraordinary case" requiring the production of a live witness. The proffered testimony was that the appellant had a good upbringing, was of good character, and had rehabilitative potential. It does not appear to be the kind of information that could not be conveyed adequately through an appropriate stipulation. *See Combs,* 20 M.J. at 443 n. 2 ("That the mother believed that her son had rehabilitative potential and deserved leniency is not surprising."). The appellant's argument that a live witness is more compelling than a "piece of paper" is almost always true, and does not serve to explain why this was an extraordinary case. The appellant also argues that he was so new to the service that no one else knew him well enough to provide this crucial information, however that argu-

ment is undermined by the number of character statements submitted by the defense.

*Ineffective Assistance of Counsel–
Stipulation re: Rehabilitative
Potential*

█ The appellant argues that trial defense counsel provided ineffective assistance of counsel by failing to require the prosecution to stipulate as a fact that the appellant had outstanding rehabilitative potential. This, the appellant argues, would have precluded the prosecution from presenting the testimony of the appellant's first sergeant opining that the appellant had no rehabilitative potential, and would have prevented the government from arguing to the contrary to the members. We find no prejudice, and thus no basis for a claim of ineffective assistance of counsel.

We review claims of ineffective representation de novo. *United States v. Burt,* 56 M.J. 261, 264 (2002); *United States v. Lee,* 52 M.J. 51, 52 (1999). The Supreme Court set out the standard of review for claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Our superior court adopted this standard of review for claims of ineffective assistance of counsel in courts-martial. *United States v. Scott,* 24 M.J. 186, 187 (C.M.A.1987).

In *United States v. Polk,* 32 M.J. 150 (C.M.A.1991), the (then) Court of Military Appeals adopted a three-pronged test to determine if the presumption of competence has been overcome:

(1) Are appellant's allegations true; if so, "is there a reasonable explanation for counsel's actions"?

(2) If the allegations are true, did defense counsel's level of advocacy fall "measurably below the performance ... [ordinarily expected] of fallible lawyers"? and

(3) If the defense counsel was ineffective, is there "a reasonable probability that, absent the errors," there would have been a different result.

*Polk,* 32 M.J. at 153 (internal citations omitted). *See United States v. Sales,* 56 M.J. 255, 258 (2002); *United States v. Grigoruk,* 52 M.J. 312, 315 (2000).

In order to understand the requirement for a stipulation of fact in lieu of producing a sentencing witness, it is helpful to explore the history of the rule. Article 46, UCMJ, 10 U.S.C. § 846, provides, "The trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe." The reports from both the House of Representatives and the Senate accompanying the proposed Uniform Code of Military Justice observed, "It is considered appropriate to leave the mechanical details as to the issuance of process to regulation." S.Rep. No. 81–486 at 21; H.Rep. No. 81–491 at 24.

The *Manual for Courts–Martial* promulgated in 1951 set forth procedures for obtaining witnesses on findings, but had no separate provisions for obtaining sentencing witnesses. *Manual for Courts–Martial, United States (MCM),* ¶ 115 (1951 ed.). However, the procedures for sentencing allowed the court to "relax the rules of evidence to the extent of receiving affidavits, certificates of military and civil officers, and other writings of similar apparent authenticity and reliability." *MCM,* ¶ 75c(1) (1951 ed.). *See also MCM,* ¶ 146b (1951 ed.) (Rule of evidence allowing the use of affidavits in sentencing).

The *Manual for Courts–Martial* was revised in 1969, including paragraph 75. New language in that paragraph noted that the requirement for the personal appearance of witnesses in the presentencing proceedings differs substantially from trial on the merits. *MCM,* ¶ 75e (1969 ed.). The new rule set out specific limitations on the production of witnesses for sentencing similar to those in the present *Manual.* Subsection (2)(c) of the rule provided that one limitation was: "The other party is unwilling to stipulate to the facts to which the witness is expected to testify, except in an extraordinary case when such a stipulation would be an insufficient substitute for the testimony.... " Paragraph 115 of the newly revised *Manual for Courts–Martial* also reflected a difference in treatment between requests for witnesses on findings and requests for sentencing witnesses. New language in paragraph 115 also paralleled the new language in paragraph 75e: "The trial counsel may consent to admit the fact expected from the testimony of a witness requested by the defense if the prosecution does not contest these facts or if they are unimportant."

In *United States v. Gonzalez,* 14 M.J. 501, 504 (A.F.C.M.R.1982), the Air Force Court of Military Review examined the language of paragraph 75e(2) of the *Manual for Courts–Martial,* and considered what type of stipulation satisfied the conditions. The Court held that a stipulation of expected testimony was insufficient, and that the drafters purposely chose to create a hybrid form of stipulation. Judge Mahoney, writing for the Court, observed:

Although the intent of the drafters is unknown, the result of this hybrid form of stipulation is to afford the defense a *quid pro quo* for the lack of the personal presence of the witness; since the defense is not able to establish the credibility of the witness by the personal appearance on the witness stand, the *facts* as to which that witness would testify may not be contested by the prosecution. The remainder of the witness' testimony, including the weight and validity of any opinions expressed, remains subject to rebuttal by the prosecution.

*Gonzalez,* 14 M.J. at 504 (emphasis in original). Thus, the Court made it clear that the requirement for a stipulation of fact applied only to factual matters, and not to opinions of the witness.

On appeal of a related issue in *Gonzalez*, the (then) Court of Military Appeals observed, "In any event, we agree with the Court of Military Review that the prosecution's offer to 'stipulate' to expected testimony was not equivalent to a 'stipulat[ion] to the facts to which the witnesses were expected to testify.'" *United States v. Gonzalez*, 16 M.J. 58, 60 (C.M.A.1983). The superior court expressed no reservation about the lower court's conclusion that the requirement to stipulate related only to matters of fact, and did not include matters of opinion.

When the *Manual for Courts–Martial* was amended in 1983, paragraph 75 became R.C.M. 1001(e)(2), and subsection (c) of that paragraph was amended to read, "The other party refuses to enter into a stipulation of fact containing the matters to which the witness is expected to testify...." The drafters explained, "The language of subsection (2)(C) has been modified to clarify that only a stipulation of fact permits nonproduction. *See United States v. Gonzalez*, 16 M.J. 58 (C.M.A.1983)." *MCM*, A21–70. This version of the rule was before the military judge in this case.

Apparently the purpose of the amendment following *Gonzalez*, 16 M.J. at 60, was to emphasize that a stipulation of fact was required, rather than a stipulation of expected testimony. However, it did not change the scope of the matters to which the government would be required to stipulate. The new language, although somewhat clumsy, was intended to comport with the ruling of our higher court in *Gonzalez*, 16 M.J. at 60, as discussed above. That decision did not disturb the ruling of the Air Force Court of Military Review in *Gonzalez*, 14 M.J. at 504, that the government is only required to enter into a stipulation of fact as to factual matters in order to satisfy the requirement of R.C.M. 1001(e)(2).

Any other construction would prove unworkable. Assume witness "X" held the opinion that an accused had good rehabilitative potential, and the government wanted to enter into a stipulation of fact rather than produce the witness. If the government entered into a stipulation of fact that "X believes the accused has good rehabilitative potential," it would be little different than a stipulation of expected testimony, except that the document would go to the court members during deliberations. The prosecution could still rebut the accused's rehabilitative potential, as long as it did not impeach the witness's stipulated belief. If, instead, the prosecution was required to stipulate as fact that "The accused has good rehabilitative potential," the witness's opinion would become superfluous. It is hard to imagine that the President intended that any reference to the witness be eliminated under the circumstances, when the purpose of the stipulation is to present the witness's testimony. Finally, the rule that a party may not contradict a stipulation of fact, R.C.M. 811(e), is unworkable when applied to opinions. If a witness was of the opinion that an accused had a good military record, requiring a stipulation of fact to that opinion would arguably preclude admission of records of prior convictions, nonjudicial punishment, or poor performance reports. Taken to its logical extreme, if a witness was of the opinion that the accused was law-abiding, a stipulation of fact to that opinion could conflict with an otherwise provident guilty plea. Surely the President could not have intended such incongruous results.

We hold the government need only enter into a stipulation of fact as to factual matters, not the substance of opinions, to satisfy the condition contained in R.C.M. 1001(e)(2)(C). *Gonzalez*, 14 M.J. at 504. If the proposed defense witness would offer an opinion, it could be included in the stipulation by stating, for example, that the witness "is of the opinion that the accused has good rehabilitative potential." The government could not then challenge the stipulated fact that the witness holds that opinion, but could offer evidence rebutting the substance of the opinion. The resulting stipulation of fact would be the "hybrid" described by Judge Mahoney in *Gonzalez*, 14 M.J. at 504.

Examining this case, we find no prejudice to the appellant's rights. The defense was entitled to require the government to enter into a stipulation of fact as to factual matters, not opinions, and the prosecution did so. One might argue that, had the defense

counsel demanded a stipulation of fact to the witness's opinion, this military judge would have granted it (albeit erroneously), and thus the appellant was prejudiced. But the "prejudice" component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair, not whether they may have had a more favorable outcome. *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Fretwell,* 506 U.S. at 372, 113 S.Ct. 838. The appellant was not entitled to a stipulation of the witness's opinion as a matter of fact, thus failure to obtain it was not ineffective assistance of counsel.

In this same vein, appellant argues that trial defense counsel was ineffective for failing to object to the testimony of the first sergeant, who expressed his opinion that the appellant had no rehabilitative potential, because the prosecution was precluded from contradicting the stipulation of fact. We find the prosecution did not stipulate as fact to the appellant's rehabilitative potential, only to the fact that the appellant's father was of that opinion. As such, it was not error for the prosecution to present proper evidence of rehabilitative potential under R.C.M. 1001(b)(5), nor was it ineffective assistance of counsel for trial defense counsel to raise no objection. Similarly, it was not plain error for the military judge to admit such evidence, even absent an objection.

### Post-trial Processing Error

The appellant claims error in the post-trial process. He points out that the staff judge advocate (SJA) failed to prepare an addendum to the staff judge advocate's recommendation (SJAR) advising the convening authority that he was required to consider the matters submitted by the appellant, and that the record does not otherwise reveal that the convening authority considered the clemency submissions. However, the government has cured the omission in the record through a post-trial affidavit from the convening authority and the servicing SJA.

After trial, the SJAR was prepared and served on the accused and his counsel. The defense submitted a lengthy response requesting relief, particularly entry into the Return to Duty Program. There is no indication in the record that the SJA prepared an addendum, or any other document advising the convening authority that he must consider the matters submitted by the appellant, or that the convening authority did so.

 Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2), requires the convening authority to consider matters submitted by an accused before taking action on a sentence. Appellate courts will not speculate on whether a convening authority considered these materials. *United States v. Craig,* 28 M.J. 321, 325 (C.M.A.1989). This Court presumes a convening authority has done so if the SJA prepared an addendum to the SJAR that (1) tells the convening authority of the matters submitted, (2) advises the convening authority that he or she must consider the matters, and (3) the addendum listed the attachments, indicating they were actually provided. *United States v. Foy,* 30 M.J. 664 (A.F.C.M.R.1990). If no addendum to the SJAR is prepared, then the record must reflect that the convening authority was properly advised of the obligation to consider the matters submitted, and there must be some evidence (such as the convening authority's initials) showing the matters were actually reviewed. *United States v. Godreau,* 31 M.J. 809, 811–12 (A.F.C.M.R.1990). Where the record of trial is ambiguous, appellate courts have considered affidavits from the convening authority to try to resolve this factual issue. *United States v. Crawford,* 34 M.J. 758, 759 (A.F.C.M.R.1992); *United States v. Blanch,* 29 M.J. 672, 673 (A.F.C.M.R.1989). *See United States v. Gaddy,* 54 M.J. 769, 773 (A.F.Ct.Crim.App.2001).

 In this case, the matters submitted by the appellant are contained in the record of trial. However, there is no indication that the SJA advised the convening authority that he must consider the matters submitted by the appellant, and there is no independent evidence in the record that the convening authority actually considered the clemency matters. Therefore, this Court finds the record ambiguous.

The government submitted an affidavit from the convening authority and the servicing staff judge advocate regarding the post-trial processing at issue. The convening authority and the staff judge advocate swore that the appellant's clemency matters were properly provided to the convening authority, and that the convening authority considered them before taking action in this case. We find as a matter of fact that the convening authority properly considered the defense submissions. *Crawford*, 34 M.J. at 761.

## Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). Accordingly, the approved findings and sentence are

AFFIRMED.