# UNITED STATES

v.

**Staff Sergeant Jessie M. FOY, FR 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, United States Air Force.**

**ACM 28221.**

U.S. Air Force Court of Military Review.

15 March 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Colonel Robert E. Giovagnoni and Captain James C. Sinwell.

Before HODGSON, FORAY, BLOMMERS, SPILLMAN, LEONARD, KASTL, MURDOCK and PRATT, Appellate Military Judges.

DECISION

LEONARD, Judge:

■ When we received this case there was no indication in the staff judge advocate's recommendation, action of the convening authority, or the allied papers that the convening authority, before taking his action, had considered the Petition for Clemency submitted by the appellant. *See United States v. Craig*, 28 M.J. 321 (C.M. A.1989).

We ordered the Government to show cause why the action of the convening authority was not premature. In response thereto, the Government has submitted an affidavit of the staff judge advocate stating that he personally gave all the defense clemency submissions to the general court-martial convening authority the day prior to the action being taken on this case and that the convening authority told him that he had reviewed the defense submissions before deciding on the appropriate action. Considering this affidavit, we find the convening authority properly complied with the requirements of Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2) and R.C.M. 1107(b)(3)(A). *United States v. Youngren*, 28 M.J. 255 (C.M.A.1989) (summary disposition).

■ This is just one of many cases we have received with this same problem and resolution of *Craig* issues is occupying a significant portion of our appellate workload. This issue may be avoided by using the following procedure. When the staff judge advocate receives defense matters submitted under R.C.M. 1105(b) or R.C.M. 1106(f)(4), he should prepare an addendum to his recommendations stating that matters submitted by the defense are attached to the addendum and the convening authority must consider these matters before tak-

ing action on the case. *See* R.C.M. 1107(b)(3)(A)(iii). If there are no legal errors alleged in the defense submissions, no further comment is required. However, if the defense matters allege legal errors in the accused's trial, the addendum must address those errors in the manner required by R.C.M. 1106(d)(4) and Air Force Regulation 111–1, *Military Justice Guide*, paragraph 15–27b(3) (Jul 1989). Finally, the matters submitted by the defense should be attached to the addendum and listed as attachments to it.

If this procedure is followed, the Government will then be entitled to rely on a presumption of regularity with respect to whether the convening authority has performed his responsibilities in a proper manner. *United States v. Moschella*, 20 U.S.C. M.A. 543, 43 C.M.R. 383 (1971).

Having examined the record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge HODGSON, Senior Judges FORAY, BLOMMERS and KASTL, and Judges SPILLMAN, MURDOCK and PRATT concur.