UNITED STATES

v.

Airman First Class Kevin L. PELLETI-ER, FR 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, United States Air Force.

ACM 28386.

U.S. Air Force Court of Military Review.

Sentence Adjudged 5 Jan. 1990.

Decided 3 July 1990.

Appellate Counsel for Appellant: Colonel Richard F. O'Hair and Major Bernard E. Doyle, Jr.

Appellate Counsel for the U.S.: Colonel Robert E. Giovagnoni, Major Paul H. Blackwell, Jr. and Captain David G. Nix.

Before LEONARD, MURDOCK and RIVES, Appellate Military Judges.

DECISION

LEONARD, Senior Judge:

Appellant asserts his record of trial was not verbatim because the military judge did not "set forth on the record the substance" of an R.C.M. 802 conference conducted in his case. We find that the military judge's statement on the record did "set forth" the "substance" of the R.C.M. 802 conference held in this case. *United States v. Garcia,* 24 M.J. 518, 519 (A.F.C.M.R.1987); R.C.M. 802(b).

During our independent review of appellant's record of trial we noted one other matter warranting comment. The appellant submitted matters for the convening authority's consideration pursuant to R.C.M.s 1105 and 1106. The Addendum to the Staff Judge Advocate's Recommendation contained a brief summary of the appellant's submissions and stated that the staff judge advocate had "considered defense counsel's comments." Neither the Addendum nor the basic Staff Judge Advocate Recommendation informed the convening authority that he was required to review or consider appellant's submissions.

Such advice is misleading. Certainly, the staff judge advocate should consider an accused's R.C.M.s 1105 and 1106 submissions before making final recommendations to the convening authority. However, it is the convening authority who has the statutory responsibility to consider these submissions before taking action on an accused's case. Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); R.C.M. 1107(b)(3). The Addendum to the Staff Judge Advocate's Recommendations should not create any impression to the contrary. *It should inform the convening authority of the convening authority's responsibility to consider the accused's submissions.* *United States v. Foy,* 30 M.J. 664 (A.F.C.M.R. 1990); R.C.M. 1107(b)(3)(A)(iii).

Since the matters submitted by the appellant were addressed to the convening authority and were attached to the Addendum, we will presume the regularity of their review in this case. *United States v. Moschella,* 20 U.S.C.M.A. 543, 43 C.M.R. 383 (1971). However, we again caution practitioners to take heed of our previous statement on this matter in *Foy* and change the wording of their addenda accordingly. 30 M.J. at 665.

We have examined the record of trial, the assignment of error, and the government's reply thereto and have concluded that the

findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge MURDOCK and Judge RIVES concur.