**UNITED STATES**

v.

**Airman Joseph W. GODREAU, FR 039–34–1265, United States Air Force.**

**ACM S28319.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 April 1990.

Decided 19 Oct. 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Richard W. Aldrich.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Brenda J. Hollis; Captain James C. Sinwell and Major Scott W. Stucky, USAFR.

Before O'BRIEN, MURDOCK, KASTL, O'HAIR, LEONARD, PRATT, RIVES, McLAUTHLIN, MILLS and JAMES, Appellate Military Judges, En Banc.

## DECISION

LEONARD, Senior Judge:

Just when we thought we had seen and disposed of every possible variation of the *Craig*[1] issue, along comes appellant with yet another. Additionally, he claims the military judge erred in admitting the contents of his Unfavorable Information File (UIF).

Cases coming before us contain staff judge advocate's (SJA) recommendations prepared pursuant to R.C.M. 1106. If an accused submits matters for the convening authority's consideration (R.C.M. 1105 or 1106), an addendum to the staff judge advocate's recommendation is ordinarily prepared to forward the submissions to the convening authority. This addendum also serves as an opportunity to inform the con-

---

1. *United States v. Craig,* 28 M.J. 321 (C.M.A. 1989).

vening authority of his responsibility to consider the accused's submissions before taking action on the case.

In appellant's case, the SJA prepared an undated post-trial recommendation that stated the accused had submitted post-trial clemency matters on 24 April 1990. The referenced matters were not attached and the post-trial recommendation did not inform the convening authority that he was required to consider the matters submitted by the accused. Allied papers in appellant's record of trial show appellant and his counsel made two post-trial submissions to the convening authority. First, they submitted a Request for Clemency dated 24 April 1990. Second, they submitted a letter dated 22 May 1990 responding to the post-trial recommendation. These items were proper matters for the convening authority's consideration under R.C.M. 1105 and R.C.M. 1106(f)(4) and both were addressed to the SJA and convening authority in turn. The SJA apparently initialled the Request for Clemency next to his office symbol in the address element, but the convening authority did not. Neither the SJA nor the convening authority initialled the address element of the defense counsel's response to the post-trial recommendation. The SJA did not prepare an addendum to the post-trial recommendation. The convening authority took his action on 25 May 1990.

Appellant now maintains that it is unclear whether the convening authority considered all the post-trial matters he submitted. He asks that we remand his case to the convening authority for proper consideration of all matters submitted by appellant and his counsel. We agree with appellant's assessment of the record on this issue; however, for reasons stated below we elect not to remand his case.

The United States Court of Military Appeals issued the opinion of *United States v. Craig*, 28 M.J. 321 (C.M.A.1989) on 20 July 1989. That decision pointed out that an accused has a statutory right to submit matters for the convening authority's consideration under Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2). The opinion held that

the record of trial must clearly show that the convening authority did in fact consider any post-trial matters properly submitted by the accused under R.C.M. 1105 or R.C.M. 1106(f) before taking action on the case. *Craig*, 28 M.J. at 325; R.C.M. 1107(b)(3)(A)(iii).

Since the *Craig* opinion, we have written numerous opinions, further emphasizing this area of the law. After seeing case after case in which SJAs seemingly ignored the *Craig* holding and its fairly obvious statutory basis, we set forth detailed guidance on how to avoid the issue in *United States v. Foy*, 30 M.J. 664 (A.F.C.M.R. 1990). When *Craig* error continued without any significant abatement, we again wrote on this issue in *United States v. Pelletier*, 31 M.J. 501 (A.F.C.M.R.1990). Now, despite our repeated guidance on a matter that should have been resolved long ago, we must again write on a *Craig* issue.

In *Foy*, we held that we would presume the regularity of the convening authority's receipt and consideration of an accused's submissions if the SJA prepared an addendum that met three criteria. First, the addendum should inform the convening authority that the accused has submitted matters and they are attached to the addendum. Second, the addendum should inform the convening authority that he must consider the matters submitted by the accused before taking action on the case. Third, the addendum should list as attachments the matters submitted by the accused. *Foy*, 30 M.J. at 665.

In *Pelletier* we held that an addendum should clearly inform the convening authority that it is his responsibility to consider the accused's submissions and not provide misleading advice that would make it appear that the SJA has the only responsibility to consider the submissions.

We now consider how to comply with *Craig* when an accused has properly submitted matters for the convening authority's consideration but no addendum is prepared. We hold that compliance will occur if two conditions are met. First, there must be a statement in the post-trial recommendation informing the convening

812

authority that he is required to consider all matters submitted by the accused. Second, there must be some means of determining that all post-trial matters submitted by the accused were, in fact, considered by the convening authority. The method we approve is for each item submitted by the accused and his counsel to be initialled and dated by the convening authority at a clearly indicated location.

■ We also realize that some *Craig* problems will continue to persist despite all the guidance from the Court of Military Appeals, this Court, and The Judge Advocate General.[2] Therefore, if the addendum requirements in *Foy* or the above procedures are not followed, we must have some reliable means of verifying that the convening authority actually considered the appellant's submissions. *Craig*, 28 M.J. at 325. For these cases, we will require that the government submit an affidavit from the convening authority.

At the risk of restating the obvious, we feel constrained to make one final point before leaving this issue. The best way to avoid a *Craig* problem is to prepare an addendum using the guidance in *Foy* and *Pelletier* to insure compliance with *Craig* and Article 60(c), UCMJ. If this method is used, there will be no need to have the convening authority initial submissions or prepare an affidavit.

■ In appellant's case, the government went back to the convening authority and obtained an affidavit establishing that the convening authority did consider both post-trial matters submitted by the accused. Considering this affidavit, we find the convening authority properly complied with the requirements of Article 60(c)(2), UCMJ. *United States v. Youngren*, 28 M.J. 255 (C.M.A.1989) (summary disposition).

■ Appellant's second assertion of error is that he was prejudiced by the military judge's erroneous admission of four letters of reprimand (LOR) contained in his UIF. He contends that none of the LORs complied with the requirement in Air Force Regulation 111-1, *Military Justice Guide,*

2. *See* OTJAGL JAJ 90-2, 15 May 1990.

para. 13-4(b) (Sept.1988) that each document contain some evidence that the accused had an opportunity to respond to the allegation contained in the document.

There was no objection to this evidence at trial. Absent such an objection, we find any error by the military judge was waived. R.C.M. 1001(b)(2). Further, as we have previously ruled, such error does not rise to the level of "plain error". *United States v. Gadson*, 30 M.J. 749 (A.F.C.M.R. 1990).

We have examined the record of trial, the assignment of errors, and the government's reply and have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Senior Judge O'HAIR and Judge MILLS did not participate.

## UNITED STATES

v.

**Airman Michael E. MASSEY, FR 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, United States Air Force.**

### ACM 28503.

U.S. Air Force Court of Military Review.

Sentence Adjudged 7 Dec. 1989.

Decided 24 Oct. 1990.

