UNITED STATES

v.

Aaron M. GARCIA, Machinery
Technician Third Class,
U.S. Coast Guard.

Docket No. 1064.
CGCMG 0113.

U.S. Coast Guard Court of
Criminal Appeals.

28 Aug. 1996.

Trial Counsel: LCDR B.H. Hollis, USCG.

Defense Counsel: LT J.L. Eichenmuller, JAGC, USNR.

Appellate Defense Counsel: LT Richard Beyer, USCGR.

Appellate Government Counsel: LT Frank Levi, USCGR.

Before Panel Five BAUM, FEARNOW, and WIESE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone. Pursuant to his guilty pleas, entered in accordance with a pretrial agreement, appellant was convicted of six specifications of wrongful use of marijuana, six specifications of wrongful distribution of marijuana, two specifications of introducing marijuana onto a vessel with intent to distribute it, one specification of possession of marijuana, and three specifications of wrongful use of LSD, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced by the judge to a bad conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to pay grade E–1, which the convening authority approved, as within the terms of the pretrial agreement.

Before this Court, Appellant has assigned two errors: (1) that the record fails to demonstrate that substantial clemency matters filed in a timely manner were brought to the convening authority's attention or were otherwise considered by him before action was taken, necessitating remand of the record for a new action; and (2) that this Court lacks jurisdiction to act because of a Constitutionally defective judicial appointment. The second assignment has been resolved against appellant by *U.S. v. Ryder*, 44 M.J. 9 (1996), which is dispositive.

With respect to the first assignment, the Government has filed an affidavit from the staff judge advocate (SJA) indicating that a folder, containing the SJA's recommendation under Rule for Courts–Martial (R.C.M.) 1106 and appellant's clemency submission, was

personally hand-delivered to the convening authority before he took his action. The Government also points to language in that recommendation advising the convening authority that before acting he must consider the SJA recommendation and any matters submitted by appellant under R.C.M.'s 1105 and 1106.

Appellant has filed a reply brief in which he argues that this affidavit is inadequate to show compliance with Article 60, UCMJ, 10 U.S.C. § 860, since that Article requires consideration by the convening authority, not merely notification, and that compliance with Article 60 will not be assumed. Appellant says he has not found any applicable presumption of regularity within Coast Guard jurisprudence, and he contends that employment of such a presumption would actually mark a clear split with Air Force decisions cited by the Government as supporting its position that Code requirements have been met. *U.S. v. Godreau,* 31 M.J. 809 (AFCMR 1990) and *U.S. v. Foy,* 30 M.J. 664 (AFCMR 1990).

We disagree. In the past, this Court has applied a presumption of regularity in the conduct of governmental affairs, *U.S. v. Norris,* 33 M.J. 635, 638 (CGCMR 1991), and we see no reason why such a presumption should not be applied again, if warranted. While the kind of questions posed here would have been foreclosed by the convening authority's writing "considered" on the clemency submission and then initialing and dating that notation, as is done in most cases seen by this Court, we discern no requirement that such must be accomplished before compliance with Article 60, UCMJ, may be found. Otherwise, the same procedure would have to be followed with respect to the SJA's recommendation, which Article 60 also requires the convening authority to consider.

We have silently presumed that the convening authority has considered an SJA's written R.C.M. 1106 recommendation before taking action in cases where there has been no affirmative showing of such consideration by means of the convening authority's initials on the recommendation or otherwise. The same kind of presumption may be applied here to consideration of clemency materials that were provided the convening authority, along with advice that they must be considered. We do not believe this outlook necessarily conflicts with the actions in *U.S. v. Godreau,* supra, and *U.S. v. Foy,* supra.

We have reviewed the record in accordance with Article 66, UCMJ, 10 U.S.C. § 866. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judge FEARNOW concurs.

Judge WIESE did not participate in this decision.