UNITED STATES

v.

**Airman First Class Alex BAKCSI, United States Air Force.**

**ACM S30923.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 12 May 2005.

29 Nov. 2006.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Major John N. Page III.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Lieutenant Colonel Michael E. Savage.

Before BROWN, JACOBSON, and SCHOLZ, Appellate Military Judges.

SCHOLZ, Judge:

A military judge sitting alone as a special court-martial found the appellant guilty, pursuant to his pleas, of divers uses of methamphetamine, ecstasy, and marijuana in violation of three specifications of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence consists of a bad-conduct discharge, confinement for 6 months, and reduction to E-1. The appellant asks us to order new post-trial processing, because the record does not establish that the convening authority received or considered all of the appellant's clemency matters submitted pursuant to Rule for Courts–Martial (R.C.M.) 1105. *See* R.C.M. 1107(b)(3). For the reasons set forth below, we find error and return the case for new post-trial processing.*

*Discussion*

■ We review post-trial processing issues de novo. *United States v. Sheffield,* 60 M.J. 591, 593 (A.F.Ct.Crim.App.2004) (citing *United States v. Kho,* 54 M.J. 63, 65 (C.A.A.F.2000)). Prior to taking final action, the convening authority must consider clemency matters submitted by the accused under R.C.M. 1105. R.C.M. 1107(b)(3); *United States v. Craig,* 28 M.J. 321, 324–25 (C.M.A. 1989). We cannot be sure this happened here. The staff judge advocate (SJA) did not prepare an addendum to her recommendations. Consequently, she did not follow the procedures we set out in *United States v. Foy,* 30 M.J. 664, 665–66 (A.F.C.M.R.1990). Neither is there evidence in the record that the SJA informed the convening authority of

---

\* Because of this ruling, this Court need not con-     sider the appellant's remaining assigned error.

her responsibility to review the appellant's clemency matters. *See United States v. Pelletier*, 31 M.J. 501 (A.F.C.M.R.1990). In *United States v. Godreau*, 31 M.J. 809, 811–12 (A.F.C.M.R.1990), we held that two conditions must be met to comply with *Craig* when an appellant has properly submitted clemency matters but no addendum is prepared. First, the convening authority must be advised in the post-trial recommendation that she is required to consider all matters submitted by the accused. *Id.* Second, there must be some means to determine that all matters submitted by the appellant were in fact considered by the convening authority. *Id.* at 812. The method approved in *Godreau* requires the convening authority to initial and date each item submitted by the appellant and his counsel. Failing this, the convening authority is required to submit an affidavit verifying she actually considered the appellant's submissions. *Id.* The record does not reflect that any of these steps were taken in this case.

■ Subsequent decisions of this Court have clarified that *Foy* and its progeny suggest a formula and do not provide the only solution to ensure the record reflects that the defense submissions were conveyed to and considered by the convening authority. However, we remind SJAs that the *Foy* addendum, with proper advice and an inventory of the defense submissions as attachments, avoids any ambiguity. *Cf. United States v. Crawford*, 34 M.J. 758 (A.F.C.M.R.1992); *United States v. Wilson*, 33 M.J. 512, 513–14 (A.F.C.M.R.1991) (deficient addendums were corrected with affidavits from the respective convening authorities confirming they had reviewed and considered the clemency submissions).

Unfortunately, *Craig* errors continue to be ubiquitous today, even though this Court cautioned SJAs in 1992 to follow the clear guidance provided by statute, rules, and well-established case law to avoid any question as to whether a convening authority properly considered defense submissions before taking action. *Crawford*, 34 M.J. at 761–62. It bears repeating that speculation concerning the consideration of such matters simply cannot be tolerated in this important area of command prerogative. *Craig*, 28 M.J. at 325 (citing *United States v. Siders*, 15 M.J. 272, 273 (C.M.A.1983)).

In the appellant's case, we are not convinced that the convening authority considered all of the clemency matters submitted by the defense, even though the convening authority's initials are on the top line of the defense counsel's clemency memorandum. This memorandum had two submissions from the appellant listed as attachments. It is not apparent from the record that the convening authority reviewed and considered them. "[T]his court will not 'guess' as to whether clemency matters prepared by the defense counsel were attached to the recommendation or otherwise considered by the convening authority." *Id.* at 325 (quoting *United States v. Hallums*, 26 M.J. 838, 841 (A.C.M.R.1988)).

The government attempted to rectify this deficiency by submitting an affidavit from the new SJA 13 months after the date of the former SJA's recommendation to the convening authority. This affidavit, however, did not establish that the convening authority actually considered all of the appellant's post-trial submissions. It did establish, based on subsequent conversations the new SJA had with the convening authority, that the convening authority was aware that she was required to review all clemency matters and that her custom of initialing on the cover page of the clemency package was meant to indicate that she reviewed all the clemency matters. However, it is not clear from the affidavit whether or not the convening authority was advised, in this particular appellant's case, of the requirement to consider all the clemency submissions or when she became aware of this requirement. We decline to permit reliance on "customary" practice as relayed by a new SJA, thirteen months after the former SJA's recommendation was accomplished, to establish that the convening authority reviewed all the defense submissions in this case.

Without question, the government failed to follow the procedures set forth in *Craig*, *Foy* and *Pelletier*. It also failed to conclusively establish that the convening authority considered the defense submissions under *Go-*

*dreau.* Nor was another reliable means used to verify that the convening authority actually considered all of the appellant's submissions. The government now urges us to take one step beyond our past decisions and rely on an affidavit describing "customary" practice by an SJA who was not the SJA during the initial post-trial processing of this case. We will not.

### Conclusion

Accordingly, we return the record of trial to The Judge Advocate General for remand to the appropriate convening authority for a new action upon consideration of the clemency matters previously submitted by the appellant and his trial defense counsel. Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, shall apply.