**UNITED STATES**

v.

**Airman First Class Bianca A. TAYLOR,
United States Air Force.**

**ACM 37012.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 22 March 2007.

3 Sept. 2008.

Appellate Counsel for the Appellant: Lieutenant Colonel Mark R. Strickland, Major Shannon A. Bennett, and Captain Anthony D. Ortiz.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Donna S. Rueppell, and Captain Ryan N. Hoback.

Before BRAND, FRANCIS, and JACKSON, Appellate Military Judges.

OPINION OF THE COURT

JACKSON, Judge:

In accordance with the appellant's pleas, a military judge sitting as a general court-martial convicted him of two specifications of willfully disobeying the lawful order of a non-commissioned officer, two specifications of making a false official statement, one specification of divers presentations of false claims (false travel vouchers), and one specification of making and uttering worthless checks by

dishonorably failing to maintain sufficient funds, in violation of Articles 91, 107, 132, and 134, UCMJ, 10 U.S.C. §§ 891, 907, 932, 934. The adjudged and approved sentence consists of a bad-conduct discharge, seven months confinement, and a reduction to E–1.

On appeal, the appellant asserts that the staff judge advocate erred by failing to provide the convening authority advice regarding his option to enroll the appellant in the Return–To–Duty Program (RTDP) after the appellant specifically asked for entry into the program. As relief for this error, the appellant asks the Court to set aside her bad-conduct discharge or, in the alternative, remand the case for a new post-trial processing. Finding no error, we affirm the findings and sentence.

### Background

In her clemency submission to the convening authority, the appellant alleged no error but asked him to enter her in the RTDP. In her addendum to the staff judge advocate's recommendation (SJAR), the staff judge advocate made no mention of the appellant's RTDP request, nor did she advise the convening authority of his options regarding the RTDP. She did however specifically list the appellant's submissions in her addendum and advised the convening authority that he had to consider the appellant's submissions prior to taking action in the appellant's case. The convening authority considered the appellant's clemency submission, including her RTDP request, yet approved the findings and sentence as adjudged.

### Post-trial Advice

 We review post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F.Ct.Crim.App.2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). Prior to taking final action, the convening authority must consider clemency matters submitted by the accused. *United States v. Craig*, 28 M.J. 321, 324–25 (C.M.A. 1989); Rule for Courts–Martial (R.C.M.) 1107(b)(3)(A)(iii). The preferred method of documenting a convening authority's review of clemency submissions is completion of an addendum to the SJAR. *United States v. Godreau*, 31 M.J. 809, 811 (A.F.C.M.R.1990).

The addendum should: (1) "inform the convening authority that the accused has submitted matters and they are attached to the addendum[;]" (2) "inform the convening authority that he must consider the matters submitted by the accused before taking action on the case[;]" and (3) "list as attachments matters submitted by the accused." *Id.* (citing *United States v. Foy*, 30 M.J. 664, 665 (A.F.C.M.R.1990)). If there are no legal errors alleged in the defense matters, no further comment is required in the addendum. *Foy*, 30 M.J. at 666.

 In the case at hand, the staff judge advocate attached the appellant's RTDP request to the addendum and the convening authority considered the appellant's request prior to taking action in the appellant's case. Moreover, the staff judge advocate provided all of the advice required by R.C.M. 1106.[1] While she could have made mention of the appellant's RTDP request and provided advice on such, neither statutory law nor case law obliged her to specifically advise the convening authority of the appellant's RTDP request. *See United States v. Hill*, 27 M.J. 293, 295 (C.M.A.1988) (holding that the drafters, in creating R.C.M. 1106(f)(7), used the word "may" rather than the words "shall" or "must," suggesting that there is no duty for the staff judge advocate to reply to comments made by the defense counsel after service of the recommendation).

 Having considered this issue on at least three occasions over the last four years, albeit in unpublished opinions carrying no precedential weight,[2] today we make it clear

---

1. Rule for Courts–Martial 1106 was amended by Executive Order 13468 on 24 July 2008, with the amendments taking effect on 23 August 2008. 2008 Amendments to the Manual for Courts–Martial, United States, 73 Fed.Reg. 43,827, 43,-830–43,831 (July 28, 2008).

2. *See United States v. Tosco*, ACM S31035, 2007 WL 1799632 (A.F. Ct.Crim.App. 31 May 2007) (unpub. op.), *pet. denied*, 65 M.J. 434 (C.A.A.F. 2007); *United States v. Mulray*, ACM S30410, 2005 WL 746841 (A.F. Ct.Crim.App. 28 Mar. 2005) (unpub. op.), *pet. denied*, 61 M.J. 331 (C.A.A.F.2005); *United States v. Spencer*, ACM S30204 (A.F. Ct.Crim.App. 6 Apr. 2004) (unpub. op.), *pet. denied*, 60 M.J. 308 (C.A.A.F.2004).

that the staff judge advocate is not required to specifically advise the convening authority on issues the appellant raises in her clemency submissions unless those issues are raised as legal error.

### Erroneous Promulgating Order

Finally we note that the promulgating order erroneously states that Charge I was a violation of Article 90, UCMJ, 10 U.S.C. § 890 rather than Article 91, UCMJ. Preparation of a corrected court-martial order, properly reflecting Charge I as a violation of Article 91, UCMJ, is hereby directed. *See United States v. Smith*, 30 M.J. 1022, 1028 (A.F.C.M.R.1990).

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred.

Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.