# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM S32339

———————————

### UNITED STATES
*Appellee*

**v.**

### Evan D. FRANKLIN
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 February 2017

———————————

*Military Judge:* L. Martin Powell (sitting alone).

*Approved sentence:* Bad-conduct discharge, confinement for 70 days, forfeiture of $1,000 pay per month for 3 months, and reduction to the grade of E-1. Sentence adjudged 13 August 2015 by SpCM convened at Malmstrom Air Force Base, Montana.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF; and Major Lauren A. Shure, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire; and Morgan L. Herrell (civilian extern).[1]

Before MAYBERRY, KIEFER, and JOHNSON, *Appellate Military Judges.*

Judge KIEFER delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge JOHNSON joined.

———————————

[1] Ms. Herrell was at all times supervised by attorneys assigned to the Appellate Government Division during her involvement in this case.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

KIEFER, Judge:

Appellant was convicted pursuant to his pleas by a military judge sitting alone of wrongful use of marijuana on divers occasions, wrongful distribution of hydrocodone, and soliciting another Airman to wrongfully possess hydrocodone in violation of Articles 112a and 134, UCMJ, 10 U.S.C. §§ 912a, 934. Appellant was sentenced to a bad-conduct discharge, confinement for 75 days, forfeiture of $1,000 pay per month for three months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence that included a bad-conduct discharge, confinement for 70 days, forfeiture of $1,000 pay per month for three months, and reduction to the grade of E-1.

## I. BACKGROUND

Appellant was assigned to Malmstrom Air Force Base, Montana. On multiple occasions, he smoked marijuana with civilian friends while driving around the local area in a car. He also smoked marijuana at parties with both military and civilian friends. On one occasion, Appellant provided some of his prescription hydrocodone to a civilian friend without lawful authority. On a separate occasion, Appellant offered hydrocodone to a fellow military member.

Appellant maintains that the staff judge advocate (SJA) failed to prepare an addendum to the staff judge advocate's recommendation (SJAR) and, as such, there is no evidence that the convening authority considered Appellant's clemency matters. Appellant further argues that the failure to prepare the addendum constitutes a post-trial processing error, and the Government must route the case back through the convening authority for a new post-trial process and action.

In response, the Government has provided a sworn declaration from the SJA indicating that she mistakenly failed to prepare an addendum to the SJAR, but she personally witnessed the convening authority review Appellant's clemency submission. The Government also submitted a sworn declaration from the special court-martial convening authority confirming that he reviewed and considered all of Appellant's clemency matters prior to taking action in the case.

## II. DISCUSSION

### A. Staff Judge Advocate Recommendation and Addendum

We review post-trial processing issues de novo. *United States v. Sheffield,* 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho,* 54 M.J. 63, 65 (C.A.A.F. 2000)). Rule for Courts-Martial (R.C.M.) 1106(a) requires the Government to prepare an SJAR in special courts-martial cases where the adjudged sentence includes a bad-conduct discharge or confinement for one year. The SJAR must include a copy of the report of the results of trial, a copy or summary of the pretrial agreement, any recommendation for clemency by the sentencing authority made in conjunction with the announced sentence, and the SJA's concise recommendation. R.C.M. 1106(d)(3). Once the Government serves the accused with the SJAR, he may submit matters for the convening authority's consideration, including challenges to the findings or sentence, matters in mitigation, and a request for clemency. Article 60(b), UCMJ, 10 U.S.C. § 860(b); R.C.M. 1105. Following submission of matters by the accused, the SJA "may supplement" the SJAR. R.C.M. 1106(f)(7).[2]

In *United States v. Craig*, 28 M.J. 321, 324–25 (C.M.A. 1989), our superior court held that the accused has a statutory right to submit matters. Additionally, "the convening authority is required to consider any matters submitted by the accused under R.C.M. 1105 or, if applicable, 1106(f)." *Id.* at 325. Further, there must be evidence in the record that prior to taking final action, the convening authority considered the matters submitted. *Id.*; *see also* Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2); and R.C.M. 1107(b)(3). When an SJA prepares an addendum to the SJAR informing the convening authority that defense matters are attached and the convening authority must consider those matters, "the Government will then be entitled to rely on a presumption of regularity with respect to whether the convening authority has performed his responsibilities in a proper manner." *United States v. Foy*, 30 M.J. 664, 665–66 (A.F.C.M.R. 1990). Here, the SJA did not prepare an addendum to her recommendation.

In *United States v. Godreau,* 31 M.J. 809, 811–12 (A.F.C.M.R. 1990), we held that two conditions must be met to comply with *Craig* when an appellant submits clemency matters but no addendum is prepared. First, the convening

---

[2] Although Rule for Courts-Martial (1106)(f)(7) does not require an addendum to the SJAR, Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 9.20, does require preparation of an addendum whenever appellant submits matters. Thus, the SJAR addendum is the most appropriate method to inform the convening authority of an appellant's matters and the requirement to review and consider those matters prior to action. As outlined below, however, the purposes served by the addendum are satisfied in this case.

authority must be advised that he is required to consider all matters submitted by the accused. *Id.* Second, there must be some way to determine that all matters were considered by the convening authority. *Id.* at 812. The key inquiry is whether the convening authority reviewed and considered the defense matters prior to taking action. In *Godreau,* to demonstrate compliance with the review and consider requirement, we outlined a procedure in which the convening authority initials and dates each item submitted by the appellant and counsel. *Id.* Absent this, the Government must provide an affidavit from the convening authority confirming that the defense matters were considered prior to action. *Id.*

Here, the record now contains sworn declarations from the SJA and the convening authority. The SJA's declaration states that all defense matters were provided to the convening authority, and the SJA witnessed the convening authority reviewing those matters. The convening authority's declaration indicates that he received, reviewed, and considered all matters submitted by the Defense. Accordingly, we find that the convening authority considered Appellant's clemency submission prior to taking action, and the Government satisfied the requirements of R.C.M. 1105, 1106, and 1107, as well as those spelled out in *Craig*, 28 M.J. at 325, and *Godreau*, 31 M.J. at 812.

We further note that R.C.M. 1106(d)(6) prescribes the following: "In case of error in the recommendation not otherwise waived under subsection (f)(6) of this rule, appropriate corrective action *shall* be taken by appellate authorities without returning the case for further action by a convening authority." (Emphasis added). While this does not directly address a failure to prepare an addendum to the SJAR, we find it instructive on appellate authorities' ability to address issues in post-trial processing between the announcement of sentence and action. In this case, based on the evidence that defense matters were provided to and reviewed by the convening authority prior to taking action, we are convinced there was no prejudice to Appellant in the SJA's failure to prepare an addendum to the SJAR. The facts neither warrant nor necessitate new post-trial processing, and we therefore grant no relief.

### III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court