# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39596**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Barret D. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 June 2020

———————————

*Military Judge:* Andrew Kalavanos (arraignment); L. Martin Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, and reduction to E-1. Sentence adjudged 3 August 2018 by GCM convened at MacDill Air Force Base, Florida.

*For Appellant:* Captain M. Dedra Campbell, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel Brian C. Mason, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

RAMÍREZ, Judge:

A general court-martial composed of a military judge sitting alone found Appellant guilty, pursuant to his pleas, of two specifications[1] of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928;[2] and one specification of obstruction of justice and one specification of violating a civilian no-contact order on divers occasions, both in violation of Article 134, UCMJ, 10 U.S.C. § 934. Appellant pleaded not guilty to one specification of sexual assault and three specifications of abusive sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920, and was found not guilty by a panel consisting of officer and enlisted members. The members sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises two issues on appeal: (1) whether he was denied meaningful sentence relief for 14 days of illegal pretrial confinement in excess of his approved sentence, and (2) whether he was denied a meaningful opportunity for clemency because the staff judge advocate's recommendation (SJAR) failed to address 14 days of credit that were awarded by the military judge because of the conditions of Appellant's pretrial confinement. During our review we noted the convening authority's action omitted this credit. Finding no prejudicial error, we affirm, but return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action and substitute a corrected action that properly accounts for credit for illegal pretrial confinement ordered by the military judge.

## I. BACKGROUND

On 2 January 2018, Appellant consumed alcohol throughout the day. According to his providence inquiry, he became heavily intoxicated and an argument occurred between Appellant and his fiancée (AB) about his drinking. Appellant was living in AB's home at that time. He then decided to leave and continued drinking. He ended the night by going back to AB's home, but be-

---

[1] The specifications were later merged by the military judge as unreasonable multiplication of charges.

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.). We note that Appellant's brief references the 2012 version of the UCMJ; however, because nothing of substance would change the court's analysis, we accept the 2012 notation as a scrivener's error.

cause of how drunk he was, she would not let him in. He became upset and banged on the door and windows until she let him in. Once inside the house, Appellant grabbed and pulled AB by her hair. He also pinned AB against the wall by pressing his forearm against her shoulder blade. At some point, AB was able to call the police, and Appellant was arrested by civilian law enforcement and placed in the custody of the Hillsborough County Jail in Florida.

Once arrested, Appellant was given a civilian no-contact order which directed him not to have any contact with AB. Nonetheless, Appellant contacted AB many times by phone from the jail. During one of the recorded telephone calls, the two talked about the offense. Specifically, AB told Appellant, "[Y]ou grabbed me by my hair and pulled me on the floor. I couldn't sleep because my head was killing me from where you pulled the hair out of my head." She also stated, "[Y]ou sprayed rum in my eyes, directly in my eyes. You pulled a chunk of hair out of my head."

During another telephone call from jail, Appellant told AB,

> . . . I'm just going to be completely real with you. If you tell them that I laid a hand on you, you're not going to see me again and I don't want to put you in that place but all I can tell you to say is that we had a misunderstanding. . . . I don't deserve that and I think you know that I don't deserve that. . . . I don't deserve to not see my dog. I don't deserve to not see you.

These calls led to Appellant being charged with violating the no-contact order and obstruction of justice. Ultimately, Appellant spent 22 days in the Hillsborough County Jail based on the initial arrest, but remained in the county jail for purposes of military pretrial confinement until the conclusion of his court-martial.

## II. DISCUSSION

### A. Credit for Illegal Pretrial Confinement

#### 1. Additional Background

While confined in the Hillsborough County Jail for the civilian arrest, on 25 January 2018 military authorities ordered Appellant into pretrial confinement. Although Appellant transitioned to being in a military pretrial confinement status at this point, he remained in the county jail at the Air Force's request until the end of his court-martial. Appellant claims on appeal that between January 2018 and May 2018 he did not receive an evening meal on three occasions and did not receive his medications on four occasions. Appellant further states that on 25 and 26 July 2018, he "was kept in a booking room and forced to sleep on a plastic chair" with the lights on.

During Appellant's court-martial, and after the members announced sentence, the military judge addressed a defense motion for additional pretrial confinement credit. The military judge first considered Articles 12, 55, and 58, UCMJ, 10 U.S.C. §§ 812, 855, 858, and concluded that there were no violations of Articles 55 and 58, UCMJ, and the Defense did not establish a violation of Article 12, UCMJ. The military judge next considered Article 13, UCMJ, 10 U.S.C. § 813, and found that Appellant was not punished in violation of this article, but that Appellant was "subjected to conditions that were more rigorous than necessary to ensure [his] presence at trial" in violation of Article 13, UCMJ. Therefore, the military judge awarded Appellant a total of 14 days of credit for illegal pretrial confinement for the missed meals, withheld medication, and nights spent sleeping on plastic chairs. The military judge related that "the conditions [Appellant] was subjected to for the remainder of his stay in Hillsborough County Jail were related to a legitimate government objective."

At the time of sentencing, Appellant had already accumulated 190 days of pretrial confinement credit.

On the record and before adjourning, the military judge had the following colloquy with trial and defense counsel:

> [Military Judge (MJ)]: All right. The members have departed. The parties are present. All right. Counsel, it seems to me that the sentence kind of moots the request for additional pretrial confinement credit. What's your view on that?
>
> [Area Defense Counsel]: It does moot it, Your Honor.
>
> [MJ]: Basically, I'll go ahead and announce . . . my ruling . . . but I don't think it ultimately is going to have any effect on anything at this point. . . . . So, 204 days of pretrial confinement against the accused's term of confinement, which, obviously, with credit for time served, no additional confinement will be appropriate at this point. All right. Are there any other matters to take up before the court adjourns?
>
> [Trial Counsel]: No, Your Honor.
>
> [Civilian Defense Counsel]: No, Your Honor.

Appellant's credited days of pretrial confinement and illegal confinement credit totaled 204 days, which exceeded his adjudged term of six months of confinement.

**2. Law**

We review issues concerning the proper application of credit for illegal pretrial punishment de novo as it is a question of law. *United States v. Zarbatany*, 70 M.J. 169, 174 (C.A.A.F. 2011) (citing *United States v. Spaustat*, 57 M.J. 256, 260 (C.A.A.F. 2002)). "Article 13, UCMJ, relief can range from dismissal of the charges, to confinement credit or to the setting aside of a punitive discharge." *Id.* at 170. "Where relief is available, meaningful relief must be given for violations of Article 13, UCMJ." *Id.* "However, relief is not warranted or required where it would be disproportionate to the harm suffered or the nature of the offense." *Id.*

"Forfeiture is the failure to make the timely assertion of a right." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). "If an appellant has forfeited a right by failing to raise it at trial, we review for plain error." *Id.* When analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citation omitted). The appellant has the burden of persuading the court that the three prongs of the plain error test are satisfied. *Id.*

### 3. Analysis

In his brief, Appellant cites *United States v. Parris* wherein this court found the appellant in that case was denied meaningful relief for 66 days of pretrial confinement credit in excess of his approved sentence. No. ACM S32463, 2018 CCA LEXIS 384 (A.F. Ct. Crim. App. 14 Aug. 2018) (unpub. op.), *rev. denied*, 78 M.J. 210 (C.A.A.F. 2018). Appellant asks us to apply the reasoning in *Parris* to grant him relief by setting aside the reduction in grade.

In response to Appellant's pretrial confinement claim, the Government cites *United States v. Haynes*, by our superior court, the United States Court of Appeals for the Armed Forces (CAAF), for the proposition that when the military judge directly asked appellant's trial defense counsel "if he agreed with the proposed amount of confinement credit and defense counsel expressly indicated that he did," CAAF concluded that trial defense counsel's agreement was "akin to a statement of 'no objection,'" and therefore recognized it as "an affirmative waiver." 79 M.J. 17, 19 (C.A.A.F. 2019).

We find both positions unpersuasive, but we start with the issue of waiver, which we consider a question of law under a de novo standard of review. *See United States v. Rosenthal*, 62 M.J. 261, 262 (C.A.A.F. 2005).

The Government's reliance on *Haynes* is misplaced. *Haynes* dealt with an appellant who sought appellate relief for purported double punishment for his criminal acts. *Haynes,* 79 M.J. at 19. The CAAF found waiver because when the military judge asked trial defense counsel whether based on the in-

formation on the charge sheet the accused was "to be credited with 107 days of pretrial confinement credit," trial defense counsel answered, "Yes, Your Honor." *Id.* The court explained that the appellant in *Haynes* "affirmatively acknowledged that he was not entitled to any additional confinement credit." *Id.* The CAAF did not see this as "simply a case where defense counsel failed to lodge an objection." *Id.* Rather, the trial defense counsel's actions in *Haynes* amounted to an affirmative waiver, leading to the appellant ultimately requesting additional credit for the first time on appeal. *Id.* As opposed to *Haynes*, Appellant here requested, and was granted, additional pretrial confinement credit at his court-martial.

In *Zarbatany*, the CAAF found "the issue of meaningful relief [for an Article 13, UCMJ, violation] must be reviewed" by this court, without reference to any defense request or objection at trial, and returned the record to this court for further Article 66(c), UCMJ, review. *Id.* at 177. Accordingly, we continue with our analysis.

We now move to Appellant's position concerning *Parris*. We agree that both cases are similar in certain aspects. In *Parris*, the military judge sentenced the appellant to a "bad-conduct discharge, confinement for 210 days, and reduction to the grade of E-1." *Parris,* unpub. op. at *1. At the time of sentencing, the appellant in *Parris* "had 246 days of pretrial confinement credit—a result of 87 days spent in pretrial confinement and 159 days of credit awarded for illegal pretrial confinement in violation of Article 13, UCMJ." *Id.* at *1–2. Because of a pretrial agreement, the "convening authority approved only 180 days of confinement but otherwise approved the adjudged sentence." *Id.* at *1. Of those 246 days, 180 were credited against the sentence to confinement. *Id.* at *2. However, the record did not show that the military judge or the convening authority considered whether the excess credit of 66 days should be applied against any other aspect of the adjudged sentence "to ensure meaningful relief for the illegal pretrial confinement." *Id.* This court applied the 66-day Article 13 credit to disapprove the adjudged reduction in grade, similar to Appellant's request in this case.

However, there are significant differences between Appellant's case and *Parris*. The military judge awarded Appellant only 14 days of illegal pretrial confinement credit, substantially less than the 66 uncredited days at issue in *Parris*. In addition, in *Parris* we noted that the appellant was convicted of nonviolent drug offenses, whereas Appellant was convicted of violently assaulting his fiancée, as well as obstructing justice and violating a no-contact order many times over. *Id.*

There is no question that Appellant was subjected to certain temporary conditions of confinement that were significantly uncomfortable, as well as more rigorous than necessary to secure his presence at trial. However, when

we consider these conditions and the additional 14 days of illegal pretrial punishment credit that the military judge awarded as relief, we find further relief would be disproportionate to the nature of the offenses, particularly the harm suffered by AB at Appellant's hands. The evidence showed Appellant, in a drunken state, went to his fiancée's house, grabbed and pulled her by her hair, then continued assaulting her by pinning her against the wall by pressing his forearm against her shoulder blade. When we consider the record, including sentencing evidence of multiple prior disciplinary actions for alcohol-related misconduct that reflect adversely on Appellant's rehabilitative potential, we find relief is not warranted.

## B. Meaningful Opportunity for Clemency

### 1. Additional Background

On 5 November 2018, the staff judge advocate (SJA) sent the convening authority the SJAR, which included a Report of Result of Trial (RRT) memorandum and personal data sheet. The SJA informed the convening authority that pursuant to Article 60, UCMJ, 10 U.S.C. § 860, the convening authority did "not have the authority to disapprove, commute, or suspend in whole or in part the punitive discharge or adjudged confinement," but he did "have the authority to disapprove, commute, or suspend in whole or in part the reduction in rank." The SJA recommended the convening "approve the sentence as adjudged."

On 15 November 2018, Appellant, through counsel, filed a request for clemency. In his clemency submission, Appellant informed the convening authority that he had already served his time in confinement, that he had been credited with 204 days of pretrial confinement credit, and that the 204 days included the additional 14 days the military judge awarded Appellant due to illegal confinement conditions. Appellant informed the convening authority that he could provide meaningful relief in terms of setting aside or disapproving the reduction to the grade of E-1. Among other requests,[3] Appellant asked

---

[3] Along with the relief Appellant requested as clemency, Appellant asked the convening authority to write a memorandum recommending the Secretary of the Air Force (SECAF) give Appellant an administrative discharge rather than a punitive discharge, and that the convening authority include in the memorandum that he would have set aside the punitive discharge if he had the power to do so. There is no evidence in the record or reason to believe that the convening authority wrote the letter to the SECAF that Appellant requested, much less favored the outcome Appellant sought.

the convening authority to reduce or set aside the adjudged reduction in grade.

On 16 November 2018, the SJA sent the convening authority an addendum to the SJAR that addressed Appellant's clemency submission. Specifically, the SJA explained that Rule for Courts-Martial (R.C.M.) 1107(b)(3)(A)(iii) requires the convening authority to consider Appellant's clemency submission before taking action. The SJA summarized Appellant's requests and recommended the convening authority "approve the findings and sentence as adjudged."

On 20 November 2018, the SJA sent the convening authority a second addendum to the SJAR as the convening authority had taken action in this case based on an erroneous RRT. The SJA's recommendation remained the same.[4] On 24 November 2018 Appellant, again through counsel, filed a second request for clemency claiming that the SJA was incorrect in his advice that the convening authority had no power to reduce the adjudged confinement because the adjudged confinement did not exceed six months. The SJA did not respond to this point, and again informed the convening authority that he had the power to reduce or disapprove the reduction in grade only.

On 26 November 2018, the SJA sent the convening authority a third addendum to the SJAR. The SJA once again reiterated the requirements of R.C.M. 1107(b)(3)(A)(iii) and summarized Appellant's clemency request; however, he now conceded the advice in the previous SJARs that the convening authority could not disapprove, commute, or suspend the adjudged six-month term of confinement was erroneous.[5] Nevertheless, the SJA again recommended that the convening authority approve the findings and sentence as adjudged.

On 28 November 2018, the convening authority took action and approved the sentence as adjudged, thereby disapproving Appellant's request to reduce or set aside the adjudged reduction in grade.

**2. Law**

---

[4] The SJA does not explain in the second addendum what the erroneous entry was in the Report of Result of Trial that caused a corrected one to be prepared. Additionally, it does not address the conflict between the SJA's advice to the convening authority regarding his authority as to confinement and Appellant's statement to the convening authority as to confinement.

[5] *See* 10 U.S.C. § 860(c)(4)(A) ("[T]he convening authority . . . may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for *more than* six months . . . ." (Emphasis added).).

We review post-trial processing issues de novo. *United States v. Bakcsi,* 64 M.J. 544, 544 (A.F. Ct. Crim. App. 2006) (citation omitted). In order to obtain relief for an error in the clemency process, an appellant must make a "colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 8.2.1.4.3 (8 Dec. 2017), explains that

> [T]he Staff Judge Advocate . . . includes any pretrial confinement credit awarded to the accused on the Report of Result of Trial memorandum, along with the source of each portion of credit and total days of credit awarded (e.g., "310 days of confinement credit based upon 10 days of credit for restriction tantamount to confinement, 100 days of credit for military pretrial confinement, and 200 days of administrative credit for illegal pretrial confinement.")

"Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2), requires the convening authority to consider matters submitted by an accused before taking action on a sentence." *United States v. Briscoe*, 56 M.J. 903, 909 (A.F. Ct. Crim. App. 2002). "Appellate courts will not speculate on whether a convening authority considered these materials." *Id.* (citing *United States v. Craig*, 28 M.J. 321, 325 (C.M.A. 1989)). "This [c]ourt presumes a convening authority has done so if the SJA prepared an addendum to the SJAR that (1) tells the convening authority of the matters submitted, (2) advises the convening authority that he or she must consider the matters, and (3) the addendum listed the attachments, indicating they were actually provided." *Id.* (citing *United States v. Fo*y, 30 M.J. 664 (A.F.C.M.R. 1990)).

**3. Analysis**

On appeal, Appellant claims that while the RRT properly reflects his 204 days of pretrial confinement credit, the Government "failed to specify the portion of the credit attributable to illegal pretrial confinement in accordance with the applicable [Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (8 Dec. 2017)]." Specifically, Appellant argues that the SJA's advice to the convening authority was incomplete and misinformed the convening authority about the nature of Appellant's confinement. *See* AFI 51-201, ¶ 8.2.1.4.3. As such, Appellant claims that this court should set aside the reduction to the grade of E-1.

We agree with Appellant that the SJAR did not discuss the significance of the pretrial confinement credit awarded by the military judge. Additionally, it is clear that even the corrected RRT, while referencing the 204 total days of

pretrial confinement credit, does not provide the source of each portion of credit as required by the AFI. However, the convening authority did not take action on the case based on just the original SJAR or the RRT. As such, that does not end our analysis. Assuming *arguendo* that the attachment to the SJAR of the RRT that failed to comply with AFI requirements was a cognizable error in the post-trial process, we do not find a colorable showing of possible prejudice to Appellant.

Appellant had informed the convening authority that (1) he had already served his confinement; (2) he had been credited with 204 days of pretrial confinement credit; (3) the 204 days included the additional 14 days the military judge awarded Appellant because of confinement conditions; and (4) the convening authority could provide meaningful relief by setting aside or disapproving the reduction to the grade of E-1. Additionally, the SJA also agreed in the SJAR and its addenda that the convening authority had the authority to set aside or disapprove the reduction to the grade of E-1. More importantly, the SJA informed the convening authority on more than one occasion that R.C.M. 1107 requires the convening authority to consider Appellant's clemency submission before taking final action. Thus, Appellant's clemency submission included a breakdown of the pretrial confinement credit, that Appellant contends the SJA was required to include in the SJAR.

Here we rely on the legal presumption that the convening authority considered Appellant's request to provide meaningful relief in terms of setting aside or disapproving the reduction to the grade of E-1. *See Briscoe*, 56 M.J. at 909 (citation omitted). We rely on this presumption because, based on the record, the SJA prepared an addendum to the SJAR which told the convening authority of the matters submitted, advised the convening authority that he must consider the matters, and the addendum listed the attachments, indicating they were actually provided.

Therefore, we find that while the RRT did not follow the AFI in particularizing he confinement credit, Appellant was not denied consideration by the convening authority of meaningful sentence relief for 14 days of illegal pretrial confinement in excess of his approved sentence as claimed. Accordingly, Appellant has failed to demonstrate a colorable showing of possible prejudice. *Scalo*, 60 M.J. at 436–37 (citation omitted).

## C. Incomplete Convening Authority's Action

During the sentencing phase of Appellant's trial, as stated above, Appellant moved for appropriate relief for not receiving an evening meal on three occasions, not receiving his medications on four occasions, and having to sleep on a plastic chair with the lights on for two days. The military judge determined the conditions were more rigorous than necessary to ensure Appel-

lant's presence for trial and determined such conditions constituted illegal pretrial confinement under Article 13, UCMJ, and ordered an additional 14-days credit against Appellant's sentence to confinement. With the exception of the RRT correctly stating that Appellant was awarded a total of 204 days confinement credit, the 14 days illegal pretrial confinement credit was not announced in the RRT nor the SJAR and its three addenda. Of significance, the credit is omitted in the action of the convening authority and the court-martial order.

In *United States v. Crawford*, 62 M.J. 411 (C.A.A.F. 2006), the CAAF held that if an appellant establishes a violation of Article 13, UCMJ, "then R.C.M. 305(k) provides him additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances." *Crawford*, 62 M.J. at 414 (citations and internal quotation marks omitted). Accordingly, when a military judge orders credit for illegal pretrial confinement under R.C.M. 305(k), the credit shall be included in the convening authority's action. Rule for Courts-Martial (R.C.M.) 1107(f)(4)(F). "Because of the importance of the convening authority's action in the court-martial process," the CAAF requires it to be both "clear and unambiguous." *United States v. Politte,* 63 M.J. 24, 26 (C.A.A.F. 2006) (footnote omitted). We may instruct a convening authority to withdraw an incomplete, ambiguous, or erroneous action and substitute a corrected action.[6] R.C.M. 1107(g); *see also* R.C.M. 1107(f)(2).

The convening authority's action was incomplete because it omitted the credit ordered by the military judge for illegal pretrial punishment, as required by R.C.M. 1107(f)(4)(F). We order a corrected action that announces the 14-days credit ordered by the military judge.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**. The record of trial is returned to The Judge Advocate General for remand to the convening authority to withdraw the incomplete action, substitute a corrected action, and issue a corrected court-martial order.

---

[6] A "corrected action" ordered pursuant to R.C.M. 1107(g) is not a "new action," and unlike a new action, it does not require post-trial processing anew. *See United States v. Mendoza*, 67 M.J. 53, 54 (C.A.A.F. 2008).

Thereafter, the record of trial will be returned to this court for completion of appellate review in accordance with Article 66, UCMJ.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court